## HERRMANN *v.* EDWARDS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 222.    Argued April 14, 1915.—Decided June 14, 1915.

The rule that, in the absence of diversity of citizenship, jurisdiction of the District Court over a suit depends upon whether there is a Federal cause of action stated in the bill applies to suits against national banks and their directors.

Under the act of August 13, 1888, the Federal courts have not, in the absence of diverse citizenship, jurisdiction of a suit by a stockholder against directors of a national bank and the bank to compel the directors to reimburse the bank for wrongfully investing its funds, nor has the District Court any jurisdiction of such a suit under paragraph 16 of § 24, Judicial Code.

The intention of Congress to make such a radical change in the rule

prevailing for many years as to confer jurisdiction on the Federal courts of all suits by and against national banks will not be presumed in the absence of clear manifestation of such purpose.

THE facts, which involve the jurisdiction of the District Court of a suit against a national bank and its directors, under the Act of August 13, 1888, and paragraph 16, § 24 of the Judicial Code, are stated in the opinion.

*Mr. Shepard Barclay, Mr. S. Mayner Wallace* and *Mr. Wm. R. Orthwein* for appellant, submitted:

It was error to dismiss the bill for supposed want of Federal jurisdiction as the powers of the banks under Federal laws were directly involved.

Where any ingredient of the case is Federal, that jurisdiction is applicable.

The principles of other decisions disclose jurisdiction over the case in this bill.

The refusal of leave to amend was also error.

The suit arises under the laws of the United States.

In support of these contentions, see *Abbott* v. *Bank,* 175 U. S. 409; *American Nat. Bank* v. *Tappen,* 174 Fed. Rep. 431; *Bailey* v. *Mosher,* 63 Fed. Rep. 488; *Bank* v. *Wade,* 84 Fed. Rep. 10; *Chicago Railway* v. *King,* 222 U. S. 222; *Citizens' National Bank* v. *Appleton,* 216 U. S. 196; *Cockrill* v. *Abeles,* 86 Fed. Rep. 505; *Cohens* v. *Virginia,* 6 Wheat. 379; *Cooke* v. *Avery,* 147 U. S. 375; *Cooper* v. *Hill,* 94 Fed. Rep. 582; *First Nat. Bank* v. *Converse,* 200 U. S. 425; *First Nat. Bank* v. *Hawkins,* 174 U. S. 364; *First Nat. Bank* v. *Nat. Exch. Bank,* 92 U. S. 122; *Huff* v. *Bank,* 173 Fed. Rep. 335; *International Trust Co.* v. *Weeks,* 203 U. S. 364; *Larabee* v. *Dolley,* 175 Fed. Rep. 365; *Lesser* v. *Gray,* 236 U. S. 70; *Louis. & Nash. R. R.* v. *Finn,* 235 U. S. 601; *Louis. & Nash. R. R.* v. *Mottley,* 211 U. S. 149; *Merchants' Bank* v. *Wehrmann,* 202 U. S. 295; *Milkman* v. *Arthe,* 213 Fed. Rep. 642; *Os-*

*born* v. *Bank of United States,* 9 Wheat. 822; *Pacific Railroad Removal Cases,* 115 U. S. 12; *Petri* v. *Commercial National Bank,* 142 U. S. 644; Rev. Stat.,§§ 5136, 5151, 5220; 4 Fed. Stats. Ann., p. 248; *Tennessee* v. *Davis,* 100 U. S. 257; *Tex. & Pac. Ry.* v. *Howell,* 224 U. S. 577; *Whittemore* v. *Bank,* 134 U. S. 527; *Wyman* v. *Wallace,* 201 U. S. 230.

*Mr. C. D. Corum,* with whom *Mr. Sam B. Jefferies, Mr. Daniel N. Kirby, Mr. Eugene S. Wilson, Mr. Joseph W. Lewis, Mr. Charles M. Rice, Mr. John F. Lee* and *Mr. Charles M. Polk* were on the brief, for appellees:

Prior to 1882, the District Court had jurisdiction of all cases by or against national banks, see Act of June 3, 1864, c. 106, § 57; *Petri* v. *Commercial Natl. Bank,* 142 U. S. 644, 649; *Ex parte Jones,* 164 U. S. 691, 692.

After the Act of 1882, the District Court only had jurisdiction of actions by or against national banks where it would have had jurisdiction of actions by or against citizens of the respective States. *Leather Mfrs. Bank* v. *Cooper,* 120 U. S. 778, 781; *Petri* v. *Commercial Natl. Bank,* 142 U. S. 644, 649; *Ex parte Jones,* 164 U. S. 691, 692; *In re Chetwood,* 165 U. S. 443, 459; *Continental Natl. Bank* v. *Buford,* 191 U. S. 119, 123.

The District Court has no jurisdiction in a suit against the directors of national banks for acts alleged to have been in fraud and in violation of the National Bank Acts, where there is not a substantial and meritorious controversy as to the construction or effect of some provision of the National Bank Act. *Whittemore* v. *Amoskeag Bank,* 134 U. S. 527, 529.

There has been no change in the law affecting the jurisdiction of District Courts in suits by or against national banks since the Act of 1882. Acts of July 12, 1882, § 4; August 13, 1888, § 4; March 3, 1911, § 24, p. 16.

In order that the District Court may have jurisdiction

in a case involving a construction of the National Bank Act, the bill must show that there was an actual meritorious dispute, and that the result of the suit depended upon the construction of the act. *Gold Washing Co.* v. *Keys,* 96 U. S. 189, 203; *Defiance Water Co.* v. *Defiance,* 191 U. S. 184, 190; *Hull* v. *Burr,* 234 U. S. 712, 720; *Shultis* v. *McDougal,* 225 U. S. 561, 569; *Water Co.* v. *Newburyport,* 193 U. S. 561; *Arbuckle* v. *Blackburn,* 191 U. S. 405; *West. Un. Tel. Co.* v. *Ann Arbor R. R.,* 178 U. S. 239; *McCain* v. *Des Moines,* 174 U. S. 168; *New Orleans* v. *Benjamin,* 153 U. S. 411; *Tennessee* v. *Bank,* 152 U. S. 454; *Shreveport* v. *Cole,* 129 U. S. 36; *Carson* v. *Dunham,* 121 U. S. 421; *Germania Ins. Co.* v. *Wisconsin,* 119 U. S. 473; *Stern* v. *New York,* 115 U. S. 248; *Hartnell* v. *Tilghman,* 99 U. S. 547.

It is *ultra vires* for national banks to purchase for investment stocks of other national banks. *First Natl. Bank* v. *Natl. Exchange Bank,* 92 U. S. 122, 128; *California Natl. Bank* v. *Kennedy,* 167 U. S. 362; *First Natl. Bank* v. *Hawkins,* 174 U. S. 364; *Shaw* v. *German-American Bank,* 199 U. S. 603; *First Natl. Bank* v. *Converse,* 200 U. S. 425.

No Federal question is disclosed in either the original or the amended bill. See cases *supra.*

In support of these contentions see also *Austin* v. *Gagen,* 39 Fed. Rep. 626; *Catholic Mission* v. *Missoula County,* 200 U. S. 126; *Crews* v. *Barden,* 36 Fed. Rep. 617; *California Natl. Bank* v. *Kennedy,* 167 U. S. 362; *Devine* v. *Los Angeles,* 202 U. S. 13; *Dimpfel* v. *Railroad,* 110 U. S. 29; *Detroit* v. *Dean,* 106 U. S. 537; *Foster's Federal Practice,* Vol. 1, p. 59; *Hawes* v. *Contra Costa Water Co.,* 104 U. S. 450; *Kansas* v. *Bradley,* 26 Fed. Rep. 289; *Logan County Bank* v. *Townsend,* 139 U. S. 67; *Myrtle* v. *Railroad,* 177 Fed. Rep. 193; *Montana Ore Co.* v. *Barton Copper Co.,* 85 Fed. Rep. 367; *Nelson* v. *Railway Co.,* 172 Fed. Rep. 478; *Peabody Mining Co.* v. *Gold Mining Co.,* 97 Fed. Rep. 657; *Railroad Co.* v. *Steele,* 167 U. S. 659; *Terkauf* v. *Ireland,* 27 Fed. Rep. 769; *Taylor* v. *Holmes,* 127 U. S. 489.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

If the statutes which control the question for decision in this case and their significance as settled by the decisions of this court long prior to the commencement of this suit be at once stated, it will serve to clarify and facilitate the analysis of the issue to be decided. Section 4 of the act of Congress of August 13, 1888, c. 866, 25 Stat. 433, provided as follows (p. 436):

"That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." (A line is drawn through certain words for reasons hereafter referred to.)

This section was but a reënactment of an identical provision contained in § 4 of the act of Congress of March 3, 1888 (c. 373, 24 Stat. 552, 554) and again this was but the reënactment of an identical provision contained in § 4 of the act of July 12, 1882 (c. 290, 22 Stat. 162, 163).

Under the provisions of the Act of 1882 long prior to their reënactment in 1888 it had been conclusively established that because a corporation was a national bank created under an act of Congress gave it no greater right to remove a case than if it had been organized under a state law. *Leather Manufacturers' Bank* v. *Cooper*, 120 U. S. 778. And after the reënactment in 1888 a case

(*Whittemore* v. *Amoskeag National Bank,* 134 U. S. 527) was decided involving a controversy controlled by the Act of 1882 but the decision of which was necessarily also an interpretation of the Act of 1888, as the two were identical. The case was this: A stockholder of a national bank on his own behalf and of all others who might join, sued in a Circuit Court of the United States, the directors of the bank, making the bank also a party defendant, to hold the directors liable for an act of alleged maladministration committed by them. The prayer was that the directors be decreed to pay back to the bank for the benefit of its stockholders the amount of money lost by the bank as the result of their misconduct. There was no diversity of citizenship upon which the jurisdiction of the Circuit Court could rest and therefore its power to entertain the case rested alone upon the fact that the defendant bank was a national banking association, that the other defendants were directors of such an association and that the liability sought to be enforced arose from misconduct on their part in relation to their duties to the bank. The Circuit Court, not passing upon these questions, dismissed the bill because there had not been a compliance with Equity Rule 94. But this court concluding that the Act of 1882 excluded jurisdiction as a Federal court, the action of the court below in dismissing for want of compliance with the Equity Rule was reversed and the case remanded with directions to dismiss for want of jurisdiction as a Federal court. Of course this conclusion involved deciding that in the absence of a Federal controversy concerning the interpretation of some provision of the National Bank Act raising what might be considered by analogy a Federal question in the sense of § 709, Rev. Stat., a mere assertion of liability on the part of directors for wrongs for which they might be responsible at common law, afforded no basis for jurisdiction. Indeed, that this conception was the one upon which the decision was

rested is shown by the fact that in the course of the opinion it was pointed out that neither the provisions of § 5209, Rev. Stat., providing for criminal punishment of directors of national banks in certain cases, nor § 5239, Rev. Stat., giving certain powers to the Comptroller of the Currency in certain instances, were involved in the cause of action so as to give rise to a Federal question upon which the jurisdiction could be based.

This ruling during the many years which have elapsed has never been questioned and the fundamental principle upon which it rested has been applied in various aspects. *Petri* v. *Commercial Bank*, 142 U. S. 644; *Ex parte Jones*, 164 U. S. 691, 693; *Continental National Bank* v. *Buford*, 191 U. S. 119; *Yates* v. *Jones National Bank*, 206 U. S. 158; *Thomas* v. *Taylor*, 224 U. S. 73.

By § 24 of the Judicial Code of 1911 the jurisdiction of the district courts is provided for. The sixteenth paragraph of that section gives those courts original jurisdiction as follows:

"Sixteenth. Of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank; and of all suits brought by any banking association established in the district for which the court is held, under the provisions of title 'National Banks,' Revised Statutes, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by said title. And all National banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located."

The statutory law with the concluded interpretation affixed to it to which we have referred being in force, this suit was commenced in the court below in March, 1913.

The complainant, as a stockholder in the National Bank of Commerce, a national banking association established and carrying on business in St. Louis, Missouri, on his own and on behalf of all other stockholders who might elect to join in the suit, sought recovery from the defendants, George Lane Edwards and Benjamin F. Edwards, of an amount exceeding $1,300,000 for the benefit of the complainant and the other stockholders of the National Bank of Commerce upon substantially the following grounds: That the defendants as directors and officers of the National Bank of Commerce, having also a large interest, direct or indirect, in another national bank known as the Fourth National Bank, had devised a scheme by which the National Bank of Commerce would buy out the Fourth National Bank for a sum utterly disproportionate to the value of the property and rights to be transferred, thus despoiling the National Bank of Commerce and its stockholders and wrongfully enriching the Fourth National Bank and its stockholders to the extent of the inordinate price which was paid. It was charged that this scheme of fraud and wrong was a breach of trust on the part of the two main defendants, and was accomplished by them by a wrongful and fraudulent exercise and perversion of the power possessed by them over the business of the National Bank of Commerce. It was alleged that demand had been made upon the directors and officers of the National Bank of Commerce to sue the main defendants for a recovery of the amount by which they had wrongfully enriched themselves to the detriment and injury of the National Bank of Commerce and its stockholders, but they had refused to do so and the directors of the bank were joined as defendants. The prayer was for an accounting, for a fixing of the amount by which the National Bank of Commerce had been despoiled and for a decree against the defendants to pay the sum so fixed for the benefit of the stockholders of the National Bank of Commerce. There

was no diversity of citizenship and jurisdiction over the suit therefore depended upon whether there was a Federal cause of action stated upon which the authority of the court to entertain the cause could be based.

Except in so far as it may be conceived that a Federal cause of action giving jurisdiction existed because of the averment that the National Bank of Commerce was a United States corporation and the reiterated charges of wrongdoing and breach of trust by the two main defendants there was nothing in the bill from which it could be considered that a Federal right adequate to give jurisdiction was asserted unless it be a passage from the bill which we quote:

"The acts and transactions of said defendants Benjamin F. Edwards and George Lane Edwards in the matter of the transfer of the assets and property of the Fourth National Bank to the National Bank of Commerce were contrary to the laws of the United States and beyond the powers, under the acts of Congress in such case made and provided, of the National Bank of Commerce as an incorporated banking association under the laws of the United States, and that the acts and doings of the said Benjamin F. Edwards and George Lane Edwards in promoting, effecting and executing the transfer of the assets, and property of the Fourth National Bank, aforesaid, to the National Bank of Commerce were in violation of the National Banking laws of the laws governing said banking institutions, and were furthermore a breach of trust on the part of said Benjamin F. Edwards and George Lane Edwards as directors of the Bank of Commerce, and the facts and circumstances of their interest in the Fourth National Bank as stockholders and otherwise render their action as directors in the National Bank of Commerce in St. Louis in promoting, effecting, and executing the transfer of the assets and property of the Fourth National Bank to the National Bank of Commerce, a breach of

trust, in that said defendants, Benjamin F. Edwards and George Lane Edwards, as directors of the National Bank of Commerce in St. Louis, were in duty bound to execute the trust which said office provided, in such a manner as not to promote their own pecuniary and personal interest; and therefore their acts as aforesaid, were in violation of the National Banking laws of the United States as well as contrary to equity and good conscience, and for the consequences and damages resulting therefrom said Benjamin F. Edwards. and George Lane Edwards were and are liable to the National Bank of Commerce for all damages ensuing on account thereof."

There were demurrers for want of jurisdiction which were maintained and the bill was dismissed and the case is here on a direct appeal upon the theory that the power of the court as a Federal court to entertain the cause is involved and that that single question is to be determined.

It is apparent that the general statements made in the bill to the effect that Federal considerations were essential to the determination of the cause of action were but conclusions of law affording no jurisdiction apart from the right to entertain the cause which would arise from the substantive and essential facts upon which the bill was based. Indeed when the averments of the bill are analyzed there is no escape from the conclusion that the jurisdiction to entertain it could not have been exerted without disregarding the plain letter of the statute in force since 1882. In fact this inevitable result does not depend upon the mere text of the statutes referred to since there is an absolute legal identity between this and the *Whittemore Case* and that case hence forecloses every contention here relied upon.

But it is said that conceding these conclusions inevitably result from the statute law as it existed prior to the Judicial Code, the Judicial Code has made a radical change in the law which now requires a different interpretation.

But we think the contention on the face of the statute is without foundation and that a brief consideration of the text of the Act of 1888 and of par. 16 of § 24 of the Judicial Code will make this clear.

The proposition rests upon the omission from the Judicial Code of the certain words in the Act of 1888 through which in the quotation which we have previously made a line has been passed. But when par. 16 of § 24 of the Judicial Code and § 4 of the Act of 1888 are considered together, the omission of the words referred to serves at once to destroy the proposition here relied upon for these reasons: Section 4 of the Act of 1888, as will be seen, opened with the provisions which excluded national banks from the Federal jurisdiction which otherwise would have attached to controversies concerning them. This being done, the statute proceeded to provide that the exclusion previously specified should not include certain classes of controversies which it was deemed best should come under the Federal jurisdiction, thus leaving those classes of cases under the general rule, since they were carved out by the last clause of the section from the provisions as to exclusion which were found in the first. In reënacting these provisions of the Act of 1888 in par. 16 of § 24 of the Judicial Code, obviously to make the purpose of the reënacted statute clearer, just the opposite form of statement was resorted to, since paragraph 16 opens by conferring Federal jurisdiction only in those classes of cases which were kept within that jurisdiction by the concluding clause of § 4 of the Act of 1888, and hence no jurisdiction was given as to the other classes of cases which were excluded from such jurisdiction by the Act of 1888. The reënacted section in other words, instead of generally stating what was excluded from jurisdiction and then carving out exceptions, as was done in the Act of 1888, gave jurisdiction only in the cases where it was intended to give it and then proceeded to declare that in all other cases within the

contemplation of the section there should be no jurisdiction, thus making the lines clear and broad and leaving no room for controversy or doubt. Aside from this it is to be moreover observed that the intention of Congress to make by the adoption of the Judicial Code so radical a change from the rule which had prevailed for so long a period is not to be indulged in without a clear manifestation of such purpose. Besides, as there is no ground for distinguishing between the restrictions as to jurisdiction imposed by par. 16 of § 24, it must follow that the argument now made based upon the omission of the words which were found in the Act of 1888 would apply to all of paragraph 16 and therefore none of the restrictions as to jurisdiction in that paragraph would be operative. Thus in both aspects the contention must come to this: that on the one hand because the provisions of paragraph 16 are comprehensively all-embracing, they must be held to be restrictive and on the other hand, that because the provisions of the Act of 1888 were reënacted, they were repealed.

As it follows that the court below was right in dismissing the bill for want of jurisdiction as a Federal court to consider it, its decree is therefore

*Affirmed.*