## DAVIS v. McFARLAND et al.*

(Circuit Court of Appeals, Fifth Circuit. November 22, 1926.)

### No. 4815.

**1. Courts ⟨⟩326—Stockholder's right to sue bank director for making excess loan being personal, federal court had no jurisdiction, where plaintiff's share of alleged damage amounted to less than $3,000 (Comp. St. §§ 9761, 9831; Judicial Code, § 24 [1], as amended [Comp. St. § 991]).**

Right to sue bank director, under Comp. St. § 9831, for violation of section 9761 in making excess loan, being personal, federal court did not acquire jurisdiction under Judicial Code, § 24 (1), as amended (Comp. St. § 991), where plaintiff's share of alleged damage resulting from excess loan amounted to less than $3,000, although right asserted arose under law of the United States.

**2. Courts ⟨⟩294—Federal court did not acquire jurisdiction of suit between citizens of same state, because national bank was party thereto (Judicial Code, § 24 [16], as amended [Comp. St. § 991]).**

Federal court did not acquire jurisdiction under Judicial Code, § 24 (16), as amended (Comp. St. § 991), of suit by citizen in Texas against other citizens in Texas, national bank located in that state, and corporation created under laws of that state, because national banking association was party sued.

**3. Courts ⟨⟩294—Alleged cause of action against directors of national bank for making excessive loan did not arise as result of oaths taken under federal law (Comp. St. § 9685).**

Cause of action, if any, against directors of national bank for making excessive loan, did not arise as result of violation of oaths taken pursuant to Rev. St. § 5147 (Comp. St. § 9685), and did not involve controversy as to meaning or effect of federal law, within jurisdiction of federal court.

**4. Courts ⟨⟩299.**

Case is not one arising in federal law, unless pleadings therein show that it especially involves dispute or controversy relating thereto.

**5. Courts ⟨⟩296.**

Corporation acting as agent of national bank going into voluntary liquidation was not such liquidating agent, under Comp. St. § 9827, as would make it federal official as to federal court jurisdiction.

**6. Appeal and error ⟨⟩843(2).**

Where court did not have jurisdiction of suit, it was immaterial whether it was properly transferred from law to equity side of court.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by H. R. Davis against S. J. McFarland and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

*Rehearing denied December 13, 1926.

John Davis, of Dallas, Tex., for appellant.

R. L. Stennis, M. M. Crane, R. E. L. Saner, W. T. Henry, J, N. Townsend, Henry P. Edwards, Cullen F. Thomas, and Chas. D. Turner, all of Dallas, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a suit, brought in the court below by the appellant, a citizen of Texas, against several individuals, who are citizens of the same state, the Security National Bank of Dallas, Tex., a national banking association, and the Liberty Investment Company, a corporation organized under the laws of Texas; the individuals sued being directors of said bank. The suit was brought on the law side of the court, but, on motion of a defendant, was transferred to the equity side.

The appellant alleged that he owned 30 shares of the stock of said bank, of the face value of $3,000; that he brought the suit for the use and benefit of himself and for the use and benefit of all the stockholders of that bank, the issued capital stock of which was $2,000,000, in shares of $100 each; that that bank ceased to do business and went into liquidation in October, 1921; and that the Liberty Investment Company took over the assets of said bank and is acting as the liquidating agent for its stockholders. No one other than appellant became a plaintiff in the suit.

The claims asserted by the suit were: (1) That the individuals sued, by participating as directors of said bank in making a loan which was in excess of the limit prescribed by statute (Comp. St. § 9761), on which loan the sum of $370,512.15 was alleged to be due to said bank, incurred the liability imposed by the provision of the statute (R. S. § 5239; Comp. St. § 9831) that "in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation"; and (2) that by reason of the carelessness, negligence, and gross mismanagement of the affairs of said bank by its officers and directors, participated in by the individuals sued, said bank incurred losses in the sum of $1,-667,800, whereby the individuals sued became liable to said bank and its stockholders for the amount of said losses so caused.

[1] The right conferred by R. S. § 5239, on

a stockholder of a national bank to recover from its directors all damages sustained in consequence of violations by the directors of statutory provisions referred to is personal to the plaintiff, who sues in his own right, not for the association. Chesbrough v. Woodworth, 244 U. S. 72, 79, 37 S. Ct. 579, 61 L. Ed. 1000. As no other stockholder of the bank joined the appellant in the suit, the appellant was the only party before the court asserting the right conferred by the quoted provision, and, as to the claim now in question, the suit remained one the sole purpose of which was to enforce the right of the appellant under that statute. Orleans-Kenner Electric Ry. Co. v. Dunbar, 218 F. 344, 134 C. C. A. 152. Though the right asserted is one arising under a law of the United States, the court below did not have jurisdiction to enforce that claim, unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, § 24 (1), amended, being Comp. St. § 991.

Appellant's share of the damages recoverable in consequence of the alleged participation of the individuals sued in the making of a forbidden loan by the bank was his proportional part as a shareholder of the total damages sustained by all the bank's shareholders. As the appellant was the owner of only 30 of the 20,000 outstanding shares of the bank's capital stock, it is apparent that his share of the alleged damages in the sum of $370,512.15 amounted to greatly less than $3,000. As to the claim now in question, the suit was not one of which the court had jurisdiction, because the matter in controversy was less than the sum or value of $3,000.

[2-4] As to the other claim asserted, the suit was by a citizen of Texas against other citizens of Texas, a national bank located in that state, and a corporation created under the laws of that state. There was no jurisdiction based on diversity of citizenship and the requisite amount being involved. The court did not have jurisdiction because a national banking association was a party sued. Judicial Code, § 24 (16), amended, being Comp. St. § 991; Herrmann v. Edwards, 238 U. S. 107, 35 S. Ct. 839, 59 L. Ed. 224; Whittemore v. Amoskeag Bank, 134 U. S. 527, 10 S. Ct. 592, 33 L. Ed. 1002. The asserted cause of action now in question was not made one arising under the laws of the United States by the alleged facts that the negligence and mismanagement of the sued directors in the conduct of the affairs of the bank constituted a violation of the oaths they

took pursuant to the statute (R. S. § 5147 [Comp. St. § 9685]), requiring that "each director, when appointed or elected, shall take an oath that he will, so far as the duty devolves on him, diligently and honestly administer the affairs of such association," etc.

If the asserted liability existed, it arose, not as a result of a violation of their oaths by the directors or of a breach of any federal law, but as a result of the breach by the directors of their common-law duty to be honest and diligent in the administration of the affairs of the bank. The existence of liability for a breach of that common-law duty is not dependent upon the prescribed oath having been taken. That liability is one created by laws not enacted by Congress. Bowerman v. Hamner, 250 U. S. 504, 39 S. Ct. 549, 63 L. Ed. 1113. The due assertion by the appellant of the liability in question did not require him to invoke any act of Congress.

The determination of the question whether conduct of the sued directors constituted such a breach of their common-law duty as to make them liable for the resulting loss to the bank or its stockholders does not involve the disposition of any dispute or controversy as to the meaning or effect of any law of the United States. A case is not one arising under the laws of the United States unless the pleadings therein show that it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of some law of the United States, upon the determination of which the result depends. Herrmann v. Edwards, supra; First National Bank v. Williams, 252 U. S. 504, 40 S. Ct. 372, 64 L. Ed. 690; Hull v. Burr, 234 U. S. 712, 34 S. Ct. 892, 58 L. Ed. 1557.

[5] As to the claim now in question, the suit was not, by reason of the fact that the Liberty Investment Company was a party sued, one arising under the laws of the United States. Appellant's allegations indicate that the Security National Bank went into voluntary liquidation, and that by action of the directors the Liberty Investment Company became an agent to liquidate the bank's business. It is not claimed for the appellant that that corporation was a liquidating agent, chosen as the successor to a receiver pursuant to the statute providing for the appointment of such an official. Comp. St. § 9827. The creation of the agency not being in pursuance of any act of Congress, there is no basis for a claim that the agent was a federal official, with the result of making a suit against such official one arising under the laws of the United States. The ruling made in the case of

Guarantee Co. of North Dakota v. Hanway, 104 F. 369, 44 C. C. A. 312, is not applicable to the facts of the instant case. We conclude that, as to the claim now in question, the suit was not one arising under the laws of the United States, but was one between citizens of the same state of which the court did not have jurisdiction.

[6] The court below as a federal court not having jurisdiction of either of the controversies sought to be raised by the suit, it is not material to determine whether it was or was not proper to transfer the case from the law side to the equity side of the court. We conclude that appellant's suit was properly dismissed, because it was not one within the court's jurisdiction.

The decree is affirmed.