## FEDERAL INTERMEDIATE CREDIT BANK OF COLUMBIA, S. C., v. MITCHELL et al.

Circuit Court of Appeals, Fourth Circuit.
July 5, 1927.

No. 2591.

1. Courts ⬦⇒293—Action by Federal Intermediate Credit Bank is not within jurisdiction of federal court as one "arising under laws of United States" (Comp. St. § 991; 12 U. S. C. A. § 1023; 28 U. S. C. A. § 42).

Under Judicial Code, § 24, par. 1 (Comp. St. § 991), an action instituted by a Federal Intermediate Credit Bank incorporated under Act March 4, 1923, 42 Stat. 1454 (all stock being owned by United States government), is not within jurisdiction of federal court as one arising out of the Constitution or laws of the United States, in view of Act March 4, 1923, § 201 (c), being Comp. St. § 9835¼ (12 U. S. C. A. § 1023), providing that such banks shall have the power to sue and be sued, both in law and equity, "and for the purposes of jurisdiction shall be deemed a citizen of the state where located," notwithstanding Act Feb. 13, 1925, § 12 (Comp. St. § 991d; 28 U. S. C. A. § 42), excluding federal incorporation as a ground of federal jurisdiction, except in cases of corporations more than half of whose stock is owned by the government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

2. Courts ⬦⇒293—Statute held not intended as implied repeal of prior acts affecting jurisdiction of suits by or against corporations created under act of Congress (28 U. S. C. A. § 42; Intermediate Credit Bank Act [12 U. S. C. A. § 1023]).

Act Feb. 13, 1925, § 12 (Comp. St. § 991d; 28 U. S. C. A. § 42), excluding federal incorporation as a ground of federal jurisdiction, except in cases of corporations more than half of whose stock is owned by the government, was not intended as a consolidation and implied repeal of prior acts (including Intermediate Credit Bank Act, § 201 [c], being Comp. St. § 9835¼; 12 U. S. C. A. § 1023) dealing with jurisdiction of suits by or against corporations created under act of Congress.

Waddill, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston. Ernest F. Cochran, Judge.

Action by the Federal Intermediate Credit Bank of Columbia, S. C., against Charles S. Mitchell and others. Judgment of dismissal, and plaintiff brings error. Affirmed.

D. W. Robinson, of Columbia, S. C. (Randolph Murdaugh, of Hampton, S. C., on the brief), for plaintiff in error.

George L. Buist, of Charleston, S. C. (Buist & Buist, of Charleston, S. C., and William J. Thomas, of Beaufort, S. C., on the brief), for defendants in error.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This was an action instituted by the Federal Intermediate Credit Bank of Columbia, S. C., in the United States District Court for the Eastern District of South Carolina, to recover judgment on certain promissory notes in an amount exceeding $3,000 exclusive of interest and costs. The action was dismissed for lack of jurisdiction, and the only question presented by the assignment of error is whether this ruling was correct.

[1] The plaintiff is a corporation created under the Act of Congress of March 4, 1923 (42 Stat. 1454), all of its stock being owned by the government of the United States, and the contention in its behalf is that, because of the federal incorporation and government ownership of stock, the federal courts have jurisdiction of the action. The contention of defendants, on the other hand, is that plaintiff, by the very act under which it is created, is denied the right to invoke the jurisdiction of the federal courts on the ground of federal incorporation.

The District Courts of the United States are given original jurisdiction of actions where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, "and (a) arises under the Constitution or laws of the United States. * * *" Judicial Code, § 24, par. 1 (Comp. St. § 991). The universal construction of this clause, since its original enactment in 1875 (18 Stat. 470), has been that corporations organized under acts of Congress, when suing or being sued, where the jurisdictional amount is involved, have the

right, on the ground that such suits arise under the laws of the United States, to invoke the jurisdiction of the federal courts, except where the particular suit is excluded from the federal jurisdiction by some specific enactment. Bankers' Trust Co. v. Tex. & Pac. R. Co., 241 U. S. 295, 306, 307, 36 S. Ct. 569, 60 L. Ed. 1010; American Bank & Trust Co. v. Federal Reserve Bank, 256 U. S. 350, 41 S. Ct. 499, 65 L. Ed. 983; Sowell v. Federal Reserve Bank, 268 U. S. 449, 45 S. Ct. 528, 69 L. Ed. 1041. Since, therefore, plaintiff is created under act of Congress, and this action involves the jurisdictional amount, the District Court had jurisdiction of the action, unless its jurisdiction has been excluded by some special act.

The question, then, narrows itself to this: Is there a special act excluding federal incorporation as a ground of federal jurisdiction in suits by or against Federal Intermediate Credit Banks? We think that there is. Section 201 (c) of the act under which these banks are created (42 Stat. 1454; U. S. C. tit. 12, § 1023; being Comp. St. § 9835¼) provides:

"(c) Each Federal Intermediate Credit Bank shall have all the usual powers of corporations, and shall have power to sue and be sued both in law and equity, and for purposes of jurisdiction shall be deemed a citizen of the state where it is located."

We are not left in doubt as to the meaning of the language "for purposes of jurisdiction shall be deemed a citizen of the state where it is located." Practically the same language is used in paragraph 16 of section 24 of the Judicial Code (Comp. St. § 991), which, after providing for jurisdiction in the federal courts in certain cases affecting national banking associations, continues:

"And all national banking associations established under the laws of the United States *shall, for the purposes of all other actions by or against them,* real, personal, or mixed, and all suits in equity, *be deemed citizens of the states in which they are respectively located."* (Italics ours.)

This section was before the Supreme Court in Herrmann v. Edwards, 238 U. S. 107, 35 S. Ct. 839, 59 L. Ed. 1224, and it was there held that the effect of the language used was to exclude federal incorporation as a ground of federal jurisdiction. In that case it was argued that there had been omitted from the section of the Judicial Code certain language contained in the act of 1888 (25 Stat. 433) relating to suits by and against national banks which provided that the federal courts should "not have jurisdiction other than such as they would have in cases between individual citizens of the same state," and that the effect of omitting this from the section of the Code was to restore jurisdiction in that class of cases. In denying this contention and holding that jurisdiction was excluded by the language of the Code above quoted, the court said:

"Section 4 of the act of 1888, as will be seen, opened with the provisions which excluded national banks from the federal jurisdiction which otherwise would have attached to controversies concerning them. This being done, the statute proceeded to provide that the exclusion previously specified should not include certain classes of controversies which it was deemed best should come under the federal jurisdiction, thus leaving those classes of cases under the general rule, since they were carved out by the last clause of the section from the provisions as to exclusion which were found in the first. In re-enacting these provisions of the act of 1888 in paragraph 16 of section 24 of the Judicial Code, obviously to make the purpose of the re-enacted statute clearer, just the opposite form of statement was resorted to, since paragraph 16 opens by conferring federal jurisdiction only in those classes of cases which were kept within that jurisdiction by the concluding clause of section 4 of the act of 1888, and hence no jurisdiction was given as to the other classes of cases which were excluded from such jurisdiction by the act of 1888. The re-enacted section in other words, instead of generally stating what was excluded from jurisdiction and then carving out exceptions, as was done in the act of 1888, gave jurisdiction only in the cases where it was intended to give it *and then proceeded to declare that in all other cases within the contemplation of the section there should be no jurisdiction, thus making the lines clear and broad and leaving no room for controversy or doubt."* (Italics ours.)

Counsel for plaintiff, in endeavoring to distinguish the case at bar from Herrmann v. Edwards, lay much stress on the reasoning of the Supreme Court in that case to the effect that an intention to change the rule prescribed by the statute of 1888 should not be indulged without a clear manifestation of such purpose. But, of course, whatever the reasoning by which the court arrived at the meaning of the statute, the interpretation once made became as much a part of the statute as the language of the statute itself, and when practically the same provision respecting jurisdiction was adopted as a part of the Intermediate Credit

Bank Act, it carried with it the interpretation which the Supreme Court had placed thereon. Copper Queen Mining Co. v. Arizona Board, 206 U. S. 474, 27 S. Ct. 695, 51 L. Ed. 1143.

It is suggested that the purpose of Congress was not to exclude jurisdiction, but to provide for venue; but such interpretation would ignore the use of the word "jurisdiction" in the act itself, as well as the interpretation which the Supreme Court had placed upon the remainder of the language used. We must assume that Congress did not mean "venue" when it said "jurisdiction," or for an entirely different construction to be given the language here from that which the Supreme Court had given it in Herrmann v. Edwards. We think, therefore, that there can be no question that the effect of the quoted provision of the act of 1923 was to exclude federal incorporation as a ground of jurisdiction in this class of cases.

The only question which remains is whether jurisdiction of suits by or against Federal Intermediate Credit Banks has been affected by section 12 of the Act of February 13, 1925 (43 Stat. 941; U. S. C. tit. 28, § 42; Comp. St. § 991d). That section provides:

"Sec. 12. That no District Court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an act of Congress: Provided, that this section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an act of Congress wherein the government of the United States is the owner of more than one-half of its capital stock."

It is clear that, if section 201 (c) of the Act of March 4, 1923, were not in force, the section just quoted would not exclude jurisdiction in this case; for, as the United States owns all of the capital stock of the Intermediate Credit Banks, suits by or against them would fall within the exception. But that, of course, is not the situation. Section 201 (c) has not been repealed, and its effect, as we have seen, is to exclude jurisdiction in such cases. Now section 12 of the Act of February 13, 1925, is a general statute excluding federal incorporation as a ground of federal jurisdiction. The proviso of section 12 merely withdraws from the operation of that section corporations wherein the government of the United States is the owner of more than one-half of the capital stock. It does not attempt to restore jurisdiction in

cases where jurisdiction has been excluded by other statutes, and in such cases the jurisdiction remains exactly as it was before the statute was enacted. To state the matter in another way, section 12 of the act of 1925 is a limitation upon the jurisdiction conferred generally by the act of 1875, now paragraph 1 of section 24 of the Judicial Code. The proviso is merely a limitation upon that limitation, and has nothing to do with an entirely independent limitation contained in an altogether different statute.

[2] It may be suggested that section 12 of the Act of February 13, 1925, was intended as a consolidation and implied repeal of prior acts dealing with jurisdiction of suits by or against corporations created under act of Congress; but in view of the history of the legislation, we are satisfied that this view is not correct. Federal incorporation was excluded as a ground of federal jurisdiction in suits by or against federally incorporated railroads by section 5 of the Act of January 28, 1915 (38 Stat. 804; Comp. St. § 1233a). The report of the judiciary committee of the Senate shows that section 12 of the Act of February 13, 1925, was intended as an enlargement of the provision of section 5 of the Act of January 28, 1915, and it appears that, upon recommendation of the committee, the proviso now appearing as a part of the section was adopted. Section 13 of the act as passed expressly repealed section 5 of the Act of January 28, 1915; but no reference whatever was made to section 201 (c) of the Intermediate Credit Bank Act of March 4, 1923, either in the report of the committee or in the act itself.

It is true that the act of 1925 contains a general clause repealing "all other acts and parts of acts in so far as they are embraced within and superseded by this act or are inconsistent therewith." But the provision of the act of 1923 under consideration is neither embraced within nor inconsistent with section 12 of the act of 1925. The act of 1923 applies to Federal Intermediate Credit Banks, all of whose stock is owned by the government of the United States; the proviso contained in section 12 expressly excludes such corporations from the operation of section 12. Most certainly, therefore, the former act is not embraced within the latter. And it is equally certain that the former is not inconsistent with the latter; for a provision excluding federal jurisdiction in a certain class of cases could not possibly conflict with a provision excluding jurisdiction in a wider class, but excepting from the latter provision cases covered by the former.

In this connection, it is worthy of note that, in the Code enacted by Congress as containing prima facie the laws in force December 7, 1925, section 201 (c) of the Act of March 4, 1923, is included as section 1023 of title 12, notwithstanding the inclusion also of section 12 of the Act of February 13, 1925, as section 42 of title 28.

Our conclusion, therefore, is that the effect of the act of 1925 is merely to exclude federal incorporation as a ground of federal jurisdiction, except in the case of corporations, more than half of whose stock is owned by the government. As to such corporations, it does not exclude jurisdiction, and does not confer or restore it, but allows it to remain as it was under existing law. The existing law applicable here is the quoted provision of the act of 1923, and under it the court was without jurisdiction.

Much can be said in support of the view that the right to resort in the first instance to the federal courts should be preserved to corporations whose stock is owned by the federal government; but, whatever our views as to this, the question involved is clearly one for Congress, and not for the courts.

Affirmed.

WADDILL, Circuit Judge (dissenting). I regret exceedingly my inability to concur with my brethren in their views expressed in the majority opinion, and because of the unusual importance of the case venture to give my reasons for not so doing. Special consideration must be given to the character of the case in order to arrive at the correct conclusion of the question involved. Its importance will be readily seen, as it involves the right of the federal government to maintain a suit in its own courts to enforce a liability in its behalf arising in a corporation chartered and owned by it.

Since the decision of Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204, there has been no doubt that rights in such corporations arise under the laws of the United States, and hence jurisdiction to maintain suits by or against such corporations exists by reason of the federal power incident to their creation. A long line of decisions follows Osborn v. Bank, supra, 9 Wheat. 738, 6 L. Ed. 204; Petri v. Commercial National Bank, 142 U. S. 648, 12 S. Ct. 325, 35 L. Ed. 1144; Bankers' Trust Co. v. T. & P. R. Co., 241 U. S. 295, 36 S. Ct. 569, 60 L. Ed. 1010; American Bank & Trust Co. v. Fed. Reserve Bank, 256 U. S. 365, 367, 41 S. Ct. 499, 65 L. Ed. 983;

Sowell v. Fed. Reserve Bank, 268 U. S. 453, 456, 45 S. Ct. 528, 69 L. Ed. 1041; Rose, Fed. Jur. & Pro. (3d Ed.) p. 235, § 238; Simkins, Fed. Prac. (Rev. Ed.) p. 401.

This would seem doubly true where a corporation thus deriving its existence from the federal government is also owned by it; and hence, in the absence of some specific legislation on the subject, limiting and prescribing the federal jurisdiction, there can be no doubt of its existence, and that the federal courts had jurisdiction of suits thus arising under the federal law—this because of the federal question involved and the ownership by the government, and not because of mere citizenship of the parties.

A limitation was placed upon this right to maintain suits in the federal courts in cases by or against national banks (Act 1882, 22 Stat. 162, 163), and subsequently by a further act of 1888 (25 Stat. 436), which are now embodied in section 24, par. 16. Judicial Code 1911 (4 Fed. Stat. Ann. 1054; U. S. Comp. Stat. 1916, § 991). By section 5 of the Act of January 28, 1915 (38 Stat. L. 804, U. S. Comp. Stat. 1916, § 1233a), jurisdiction is denied to the courts of the United States over suits by or against railroads, upon the ground alone that such companies were incorporated by act of Congress.

By Act of March 4, 1923 (42 Stat. 1454) § 201c, creating the Federal Intermediate Credit Bank, which was an amendment to the Federal Farm Law passed July 17, 1916 (39 Stat. 360), it was prescribed that for the purpose of jurisdiction such banks should be deemed to be citizens of the state where located. By section 12 of the Act of February 13, 1925 (43 Stat. 941; Fed. Stat. Ann. 1925, p. 91; U. S. Comp. Stat. 1925 Supp., § 991d, the United States courts were denied jurisdiction of any action or suit by or against any corporation on the ground that it was incorporated by or under any act of Congress, unless such corporation is one wherein the government of the United States is the owner of more than one-half of its capital stock.

A careful consideration of these several provisions of the law it seems to me clearly demonstrates the existence of the jurisdiction of the United States courts in the instant case. The Federal Intermediate Credit Bank is a federal corporation created by an act of Congress; and hence suits by or against it, like those arising under the National Bank Acts, existed in the federal court prior to the legislation hereinbefore recited, and likewise in the case of railroads prior to the

Act of January 28, 1915. After the passage of these acts, jurisdiction of the federal courts in such cases, arising by reason of the federal charter, was specifically withdrawn; and the terms of the several acts above mentioned, denying jurisdiction, while not in the same language, were substantially alike in that the right to sue and be sued because of their respective existence under acts of Congress should not authorize such suits to be brought in the federal courts; and this legislation so remained as to the corporations mentioned, as respects their right to sue and be sued, until Congress saw fit to place them in substantially the same category as similar corporations chartered under state laws.

In the passage of the Act of February 13, 1925, a different and more extended policy was adopted. Congress then determined that no federal court should have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated under an act of Congress. This was a sweeping and clear provision, and placed all federal corporations upon the same basis as respects the jurisdiction of the federal courts, predicated alone upon the existence of the federal question. Congress, in thus limiting the jurisdiction of all suits as to all corporations created by federal charter, passed section 12 of the Act of February 13, 1925, with a proviso as to federally owned corporations, as follows:

"Sec. 12. *District Courts—Jurisdiction of Actions against Federal Corporations.* That no District Court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an act of Congress: *Provided, that this section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock.*" (Italics mine.)

Upon thus denying jurisdiction as to all corporations, because of the existence of the federal question, Congress saw fit to exempt from the operation of the amendment those in which the government owned more than one-half of the capital stock. In other words, the section, in a few clear and simple words denied to the District Courts of the United States jurisdiction of all suits by or against corporations, merely because the same were created by act of Congress, but with a proviso, equally far-reaching and clear, that, where the government of the United States owned more than one-half of the

capital stock of the corporations, the limitation should not apply, and that, as to them, such courts were not deprived of jurisdiction because of their federal character.

This would seem to be a reasonable and wise enactment, in view of the curtailment of jurisdiction of all corporations because of such federal question, as well as of the small number of such corporations covered by the specific acts hereinbefore recited. No question of the repeal of the previous acts, either by implication or otherwise is necessarily involved, although the provisions of the Act of February 13, 1925, § 12, covering the same general subject, respecting jurisdiction of the federal courts because of federal charters, are broad enough to effect such repeal. The new act places no limitation upon the jurisdiction arising from the existence of a federal question, its language being substantially the same as that covered by the prior separate acts, save and except it was made applicable to all such corporations, with a general proviso that the limitation should not apply to any corporation of which the government of the United States is the owner of more than one-half of its capital stock.

It would seem that the Congress had the undoubted right to place a limit upon the jurisdiction of its courts in cases arising under charters granted by the federal government. Manifestly, instead of several special acts withdrawing the jurisdiction to sue or be sued because of the federal question, Congress might by simple enactment have embraced all such corporations; and it might have done so, and excepted from the operation government owned corporations, either in part or as a whole. That is exactly what was done by the far-reaching provisions of the Act of February 13, 1925, which so radically altered and affected generally the jurisdiction of the federal courts. Instead of attempting to follow or change all of the existing legislation affecting the right of corporations to sue and be sued because of the existence of the federal question, a sweeping provision eliminating entirely all corporations save those in which the government owned more than one-half of the capital stock was made; and to avoid any possible confusion on the subject, section 13 of the Act of February 13, 1925, provided for the repeal of all other acts, as follows:

"Sec. 13. That the following statutes and parts of statutes be, and they are, repealed: * * * All other acts and parts of acts in so far as they are embraced within and superseded by this act or are inconsistent therewith." 43 Stat. 941.

It is thus made clear that Congress excepted from the provisions of the act denying jurisdiction to the federal courts of suits because of their federal character those in which the government was the owner of more than one-half of the capital stock of the corporation in suit. This is what was done. The enactment was enlarged, making the same applicable, not to a few, but to all corporations chartered by the government; the proviso simply excepting from the provisions thereof corporations in which the government owned more than one-half of the capital stock, and as to such suits, the instant case being within that class, jurisdiction remained in the federal courts by reason of the existence of the federal question involved.

A careful analysis of the views taken by those maintaining the contrary position will make clear that no effect is given to the meaning of the proviso respecting the right of the government to maintain suits of this class within its own courts. This of itself would be a sufficient answer and objection to the interpretation contended for, as the act manifestly should be so construed as to give effect and meaning to all of its provisions, and not to a part only. While the courts have nothing to do with the reasons actuating Congress in what it did or should have done, and are bound by what it did, still the justice and reasonableness and right of the proviso in question must commend itself to all giving serious consideration to the subject. It should not be assumed that the Congress of the United States would pass an act the effect of which was to place billions of the public money in the hands of banking institutions created by it and scattered throughout the country, without at the same time taking the precaution to retain jurisdiction of such moneys in its courts, if it saw proper to do so. Such course would be almost unthinkable.

All sorts of conditions might, and most probably would, arise incident to the handling and safe-keeping of the vast amounts involved, in at least some of the places where the institutions are located, that should at once suggest the great undesirability of the adoption of the course contemplated.

Special reliance is placed upon the case of Herrmann v. Edwards, 238 U. S. 107, 118, 35 S. Ct. 839, 59 L. Ed. 1224, by those seeking to establish the appellee's contention. It will be observed that this decision long antedated the two acts under consideration here, viz. the act creating the Federal Intermediate Credit Bank, and the limitation placed upon the jurisdiction of the federal courts by reason of a federal question generally, and I cannot see that the case is of controlling interest here.

From my view, the District Court was clothed with jurisdiction, and the decree denying the same and dismissing the bill should be reversed.