Edward W. SWIFT, Jr., Mrs. Barbara Swift Pound, Mrs. Alma Swift Winn, Mrs. Vera Swift Smith T, and Mrs. Vera H. Swift, as next friend of Mary C. Swift, Plaintiffs,

v.

The FOURTH NATIONAL BANK OF COLUMBUS, GEORGIA, The Trust Department, as Executor and Trustee under the Will, dated May 27, 1943, of Edward W. Swift, Sr., deceased, etc., J. W. Oliver, Vice President and Trust Officer, and Frank D. Foley, Member of Board, etc., Defendants.

Civ. A. No. 893.

United States District Court
M. D. Georgia,
Columbus Division.

June 6, 1962.

Edward W. Swift for all plaintiffs.

Foley, Chappell, Young & Hollis, Columbus, Ga., for defendants.

ELLIOTT, District Judge.

Plaintiffs bring this action against the designated banking institution and the named individuals who have official connection therewith complaining of mismanagement of an estate, of which Plaintiffs are the current and ultimate beneficiaries, alleging violation of duties owed to them by the Defendants arising out of the fiduciary relationship and charging an illegal conspiracy to deprive them of their properties. Plaintiffs pray for an accounting, recovery of damages, removal of the banking institution as Executor-Trustee, and issuance of a permanent injunction.

The Defendants have moved a dismissal of the complaint on the ground that the Court lacks jurisdiction, and that is the issue to be here decided.

Fundamentally involved in a determination of whether this complaint has been brought in the proper forum is the oft-repeated principle that United States courts are of limited jurisdiction and the cases of which they have cognizance are specially circumstanced. For this reason we are confronted initially with the presumption that a cause is outside the jurisdiction of this Court unless the contrary affirmatively appears. Birmingham Post Company v. Brown, 5 Cir., 217 F.2d 127.

In the original complaint and in subsequent amendments thereto the Plaintiffs have invoked the jurisdiction of this Court on the following grounds: (1)

That one of the Defendants is a national bank and that jurisdiction is conferred by the provisions of Title 12 U.S.C.A. § 94; (2) That there is the requisite diversity of citizenship; (3) That Plaintiffs have been denied rights guaranteed to them by the provisions of the Fourteenth Amendment to the Constitution; (4) That the Defendants have violated the provisions of the Civil Rights Acts, Title 42 U.S.C.A. §§ 1981, 1983 and 1985, to the injury of the Plaintiffs.

■ (1) Prior to 1882 the United States District Courts had jurisdiction of all cases involving national banks. Since the passage of the Act of 1882, 22 Stat. 162 the District Court has jurisdiction of litigation involving national banks only in those instances where it would have jurisdiction of actions by or against citizens of the respective states. To support jurisdiction in this case it must appear that the requisite diversity of citizenship exists. Herrmann v. Edwards, 238 U.S. 107, 35 S.Ct. 839, 59 L.Ed. 1224; Bachman v. First-Mechanics National Bank of Trenton, D.C., 69 F. Supp. 739. Section 94 of Title 12 of U.S.C.A. does not confer jurisdiction. It is a venue statute.

■■ (2) There are five Plaintiffs in this case and three Defendants. Four of the Plaintiffs are residents of Columbus, Muscogee County, Georgia. One of the Plaintiffs is a resident of the State of Alabama. The two individual Defendants are residents of Columbus, Muscogee County, Georgia, and the corporate Defendant has its principal place of business in Columbus, Muscogee County, Georgia. For jurisdictional purposes a national bank is deemed to be a citizen of the State in which it is located. Walker v. Bank of America, etc., 9 Cir., 268 F. 2d 16. In order for there to be diversity jurisdiction in this Court in the first instance, there must be diversity of citizenship between each Plaintiff and each Defendant in the case, and to sustain the diversity jurisdiction there must exist an actual controversy between citizens of different states, all of whom on one side

of the controversy are citizens of different states from all parties on the other side. Girardi v. Lipsett, Inc., 3 Cir., 275 F.2d 492; Dryden v. Dryden, 8 Cir., 265 F. 2d 870; Rader v. Manufacturers Casualty Insurance Company of Philadelphia, Pa., 2 Cir., 242 F.2d 419.

■■ (3) The "due process clause" of the Fourteenth Amendment to the Constitution provides that:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The limitations above quoted are upon the State and those who act in its name and under its authority and have no reference to actions by individuals. For this Court to have jurisdiction it must appear at the outset that the alleged deprivation of a right guaranteed by the Constitution was by an act of the State or by persons acting in its name and under its authority. Farson v. City of Chicago, 7 Cir., 138 F. 184. It is not sufficient to merely assert a deprivation of constitutional rights. To give jurisdiction to this Court where diversity of citizenship does not exist there must be a federal question not in mere form, but in substance, and not in mere assertion, but in essence and effect. Cuyahoga River Power Company v. Northern Ohio Traction & Light Company, et al., 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626.

The Fourteenth Amendment cannot be the basis of an action complaining of the acts of private individuals or business establishments. Marten v. Holbrook, 9 Cir., 157 F. 716.

(4) Sections 1981, 1983 and 1985 of Title 42 U.S.C.A., are the Civil Rights Acts.

Section 1981 can have no application here because no issue involving race is suggested.

Section 1983 preserves constitutional rights from infringement by persons who act under federal or state authority. It does not give the Federal Courts jurisdiction of controversies between private citizens regardless of the nature of the alleged wrong or the extent of the claimed injury. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253. This distinction is made apparent by reference to the facts in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492, relied upon by the Plaintiffs in their oral argument. In that case the wrongs complained of were committed by police officers who, under color of state law, misused power conferred on them by state law.

Section 1985 is aimed at conspiracies, but only when the object of the conspiracy is the deprivation of equality before the law—the equal protection of the law—and does not cover conspiracies to deprive a person of his property without due process. Also this Section, like Section 1983, is directed at state action, and the invasion of an individual's rights by another individual or individuals is not within its purview. Williams v. Yellow Cab Company of Pittsburgh, 3 Cir., 200 F.2d 302.

It is apparent from the complaint that the Plaintiffs, or some of them, have been parties to State Court litigation with results considered by them to be unsatisfactory, but it cannot be seriously contended that the lawyers who participated in the trial of these matters, nor the judges who presided over the proceedings in the State Court, are state functionaries acting under color of state law within the meaning of the Civil Rights Acts. This was private litigation and the State merely furnished the forum and had no interest one way or another in the outcome. Bottone v. Lindsley, et al., 10 Cir., 170 F.2d 705.

Federal Courts have uniformly denied jurisdiction in cases where the complainant has asserted grounds of jurisdiction similar to those here asserted. Hanna v. Home Insurance Company, 281 F.2d 298 (1960) (5th Cir.); Walker v. Bank of America, etc., 268 F.2d 16 (1959) (9th Cir.); Moffett v. Commerce Trust Company, et al., 187 F.2d 242 (1951) (8th Cir.).

We conclude in the case before us that this Court is without jurisdiction of the subject matter or the parties. The Defendants' Motion to Dismiss for Lack of Jurisdiction is sustained. This conclusion makes it unnecessary to pass upon the remaining pending motions.

Counsel for the Defendants will prepare and submit an appropriate dismissal order.