**Victor L. HAYS and John D. Clark, Plaintiffs,**

v.

**FIRST NATIONAL BANK OF SPRING-FIELD, Royce Moffett, Stanley A. Brinkley, Hubert Moffett, John C. Statler, Defendants.**

**Civ. A. No. 83-K-2142.**

United States District Court, D. Colorado.

March 26, 1984.

---

Eugene S. Hames, Wood, Ris & Hames, Denver, Colo., for Brinkley.

David R. Brougham, Hall & Evans, Denver, Colo., for Statler.

## ORDER GRANTING MOTION TO DISMISS

KANE, District Judge.

This is an action by "America's most dynamic, historically moral, courageous and thrifty part of society, herein Plaintiff," (sic). Complaint, Count II, ¶ 3. They complain of "Defendant's hellish antics of uncurbed conduct, which has run far too long rampant in its area and long ago should have been chained as the 'Mad Dog, Pluto' in the comic strips." *Id.* at ¶ 4. The defendants are the Springfield Bank, its loan officer, Royce Moffett, his brother, Hubert Moffett, a state court judge, John Statler, and an attorney, Stanley Brinkley. All parties to this action are citizens of Colorado.

The nub of the complaint, which at all times is prolix, and at some stages either impertinent [1] or scandalous,[2] lies in the allegation of Clark and Hays that they had to pay Royce Moffett a bribe in order to obtain a loan. The bank's liability presumably stems from the doctrine of respondeat superior. Hubert Moffett and Stanley Brinkley have also been named as parties to the fraud. Judge Statler's involvement is even more difficult to ascertain. The references to him in paragraphs 16 and 17 of the complaint, are incomprehensible. Construing them in a most generous fashion enables an imaginative reader to suppose that Judge Statler refused to recuse himself from hearing a suit in which he had a personal interest, and that he rendered a judgment based upon fraudulent evidence. Clark and Hays request a total of $140

John D. Clark and Victor L. Hays, pro se.

Stanley A. Brinkley, Johnson & McLachlan, Lamar, Colo., for Bank and Royce Moffett.

James M. Croshall, Pueblo, Colo., for Hubert Moffett.

1. Defendant Hubert Moffett, for example, "has to be named as a Defendant on recommendation of Attorney for Defendant Royce Moffett which was found in the answer titled by counsel in the case herein so without wishing to disturb the peace of the Defendant Royce Moffett Plaintiff herewith soothes the conscience and have

gratefully included the name of a perpetrator of fraud," complaint ¶ 18.

2. Paragraph 9 of the complaint reads, in full: "Plaintiffs points (sic) to a statement made by United States Supreme Court Justice Oliver Wendell Holmes as quote 'Justice in this case smells so bad I want to puke.'"

million in damages for the defendants' alleged wrongdoings.

For the reasons set out below, I dismiss this case for lack of subject-matter jurisdiction. I note that a nearly identical action has been filed in state court; so dismissal of this inartfully drawn *pro se* complaint should not unduly prejudice plaintiffs' chances of seeking relief.

Plaintiffs' jurisdictional allegations are vague; 28 U.S.C. § 1331; Chapter 15 U.S.C.A.; Chapter 12 C.F.R. § 226.1 et seq.; United States Constitution 4th and 14th Amendments. Observing the admonition in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) to hold *pro se* litigants to less stringent pleading standards than those applied to attorneys, I interpret this paragraph to allege federal question jurisdiction based alternatively on 1) the Truth in Lending Act, 2) Regulation Z of the Truth in Lending Regulations, and 3) violation of constitutional rights.

## I. JUDICIAL IMMUNITY

■ The only part of the complaint that even approaches a suggestion of state action sufficient to raise a constitutional question is the accusation addressed against Judge Statler. As a state employee, the decrees issued by him constitute state action. *See Griffin v. Maryland*, 378 U.S. 130, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964) (action of deputy sheriff who possessed state authority and purported to act pursuant to it, was state action). However, judicial immunity from damage liability is well-established except in those cases where the judge performs a non-judicial act or acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Whether an act is judicial or non-judicial is determined by its nature; "whether it is a function usually performed by a judge, and ... whether [the parties] dealt with the judge in his judicial capacity." *Id.* at 360, 98 S.Ct. at 1106. An act is not performed in the clear absence of jurisdiction if it is "more or less connect[ed] with the general matters committed by law" to the judge's supervision. *See Spalding v. Vilas*, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896). A judge who acts in excess of jurisdiction, but not in the complete absence of subject-matter jurisdiction, is also immune. *See Billingsley v. Kyser*, 691 F.2d 388 (8th Cir.1982); *Verner v. State of Colorado*, 533 F.Supp. 1109 (D.Colo.1982).

■ Judge Statler's participation in the prior proceeding qualifies as a "judicial act." The activities to which Hays and Clark object arose in the context of litigation in the state courts which ended unfavorably for them. Judge Statler had jurisdiction over that litigation pursuant to Article VI § 9 of the Colorado Constitution. At worst, he acted in excess of jurisdiction by failing to recuse himself or by admitting fraudulent evidence. Even so, his immunity is absolute. Therefore, I dismiss all claims against him. This disposes of the contention that there is jurisdiction based on a constitutional question.

## II. TRUTH IN LENDING ACT

The only remaining source of federal jurisdiction lies in the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, which provides that "[a]ny action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." § 1640(e) A failure to bring a timely action deprives the court of jurisdiction:

> The Truth in Lending Act creates a cause of action and confers jurisdiction on Federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the act itself, in a temporal as well as a substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. 1640(e), a federal court has no jurisdiction to entertain it.

> The Federal Rules of Civil Procedure do not alter this fundamental premise.

*Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119 (6th Cir.1980); *accord Fenton v.*

*Citizens Sav. Ass'n,* 400 F.Supp. 874 (D.C. Mo.1975).

■ Plaintiffs have not indicated that any transactions subject to the Truth in Lending Act took place within a year of filing suit. Indeed, the exhibits attached to plaintiffs' complaint all demonstrate that the notes and security instruments in question were executed at least two years before the institution of this action. As the Truth in Lending Act fails to confer jurisdiction on this court in the present context, the Regulations promulgated under that act are also unavailing as a source of jurisdiction.

The briefs filed in this case imply that jurisdiction is appropriate because Springfield Bank is insured by the Federal Deposit Insurance Corporation and subject to federal banking laws. Assuming the truth of those factual premises, I still deny the legal conclusion that this court has jurisdiction. The federal origin of a national bank is not a ground for asserting the right to sue in federal court. This rule was established in *Herrmann v. Edwards,* 238 U.S. 107, 35 S.Ct. 839, 59 L.Ed. 1224 (1915), where the Supreme Court held that there was no federal jurisdiction in a suit against directors of a national bank for wrongdoing and breach of trust. The court made it clear that there was nothing alleged in the complaint upon which to base jurisdiction except the allegation that the defendant was a national bank. *Accord Continental National Bank v. Buford,* 191 U.S. 119, 123–24, 24 S.Ct. 54, 55–56, 48 L.Ed. 119 (1903).

The present suit is not one over which this court has jurisdiction under 28 U.S.C. § 1348. No federal question is involved and no diversity of citizenship exists. It is dismissed. Defendants shall have judgment for their costs including reasonable attorney fees. Defendants shall file their bill of costs and affidavits supporting an award of attorney fees within 20 days.[3]

---

3. *See Prochaska v. Marcoux,* 632 F.2d 848 (10th Cir.1980) and *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983). Even the "sporting theory of justice" has an admission charge.