## KIMMICH v. POTTER et al.

### No. 301.

Circuit Court of Appeals, Second Circuit.

May 27, 1940.

136

Charles Kimmich pro se.

Conboy, Hewitt, O'Brien & Boardman, of New York City (John Vance Hewitt and Edward F. Butler, both of New York City, of counsel), for appellee Frederick V. Goess.

Frank J. Berberich and Sullivan & Cromwell, all of New York City, for defendant New York Clearing House Ass'n.

Shearman & Sterling, of New York City (Robert Nias West and John R. Henry, Jr., both of New York City, of counsel), for defendant Percy H. Johnston.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Theodore Kiendl, Edwin F. Blair, and John D. Hyde, all of New York City, of counsel), for appellee William C. Potter.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is from a judgment, dismissing a complaint for insufficiency in law upon its face. The gist of the cause of action alleged was that the defendant, the New York Clearing House, and two of its officers, by dominating and controlling the directors of the Harriman Bank—a national bank doing business in the City of New York—gave to that bank the appearance of solvency for a substantial period after it had in fact become insolvent. This they could do because of the common belief among depositors and others that the New York Clearing House would not allow an insolvent bank to continue business, but would insist upon its closing its doors. Relying upon this implied assurance, the plaintiff made a deposit in the Harriman Bank, a part of which he has now lost. The action was brought on behalf of the plaintiff and all others similarly situated; but no others have joined, and the plaintiff's deposit was less than $1,000. The receiver of the Harriman Bank was also made a party, but, as it is clear that the cause of action could not belong to the bank on any conceivable theory, and that he cannot therefore represent it, we may ignore his presence.

We pass the question whether the suit is a proper "class action" under Rule 23 (a) (3), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and at once address ourselves to the substantive jurisdiction of the district court. The plaintiff's theory is that that court had jurisdiction under § 41 (1) of Title 28 U.S.Code, 28 U.S.C.A. § 41 (1), because the action "arises under the * * * laws of the United States". The argument is that the defendants, having in substance substituted themselves as directors of the Harriman Bank, became subject to the same liabilities as though they had been formally elected, and that therefore a depositor might sue them under § 93 of Title 12 U.S.Code, 12 U.S.C.A. § 93. Even

though we were to assume arguendo that this is true, "the amount in controversy" is less than $3,000, and it is irrelevant that the action is brought on behalf of other depositors, whose deposits might make up that amount. Clark v. Paul Gray, Inc., 306 U.S. 583, 588, 589, 59 S.Ct. 744, 83 L.Ed. 1001. At least there can be no doubt of this when no others have actually joined. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

The plaintiff replies that the action is not only within § 41 (1), but also within § 41 (16), and that "the amount in controversy" does not therefore matter. If he is right, it must be because the action is part of "winding up the affairs" of the bank. Certainly it has nothing to do with the collection and distribution of the bank's assets among its creditors, which is normally all that is meant by "winding up" the bank. It may indeed be that an action by a receiver to enforce the statutory liability of a bank's shareholders is part of "winding up" its affairs, so that the jurisdiction of the district court may be made to rest upon § 41 (16) (George v. Wallace, 8 Cir., 135 F. 286, 291, 292), though it may also rest upon § 41 (1). Pufahl v. Estate of Parks, 299 U.S. 217, 225, 57 S.Ct. 151, 81 L.Ed. 133. But the liability of the shareholders is available to all depositors, pari passu, and merely as such; in substance it is a collective asset, though not of course of the shareholders themselves. The cause of action here in suit is quite different from that; it is available only to those depositors who can prove that they acted in reliance upon the fact that the Clearing House had not closed down the bank. By no stretch can such a cause of action be said to be an asset of all the depositors; it is a remedy of some of them for a wrong done them by outsiders; indeed, save as the "winding up" of the bank serves to fix the loss, it has nothing whatever to do with the action. In Chesbrough v. Woodworth, 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000, the Supreme Court upheld the jurisdiction of the district court over an action by a shareholder against a director under § 93 of Title 12 U.S.Code, 12 U.S.C.A. § 93, for a loss arising from the purchase of the plaintiff's shares in reliance upon false reports made by him; and it is true that it cited (244 U.S. at page 78, 37 S.Ct. 579, 61 L.Ed. 1000) the precursors of § 41 (16) of Title 28 as the source of the district court's jurisdiction. The issue was, however, as to the necessity for diverse citizenship, and not as to "the amount in controversy", which was in fact many times $3,000; and diverse citizenship was not indeed necessary, for the action arose under a law of the United States. Nowhere did the court suggest that the action was part of "winding up the affairs" of the bank; nor have we any reason for supposing that it thought so. The Fifth Circuit (Davis v. McFarland, 15 F.2d 612) took our view as to actions under § 93 of Title 12, obviously not interpreting Chesbrough v. Woodworth, supra, as holding that § 41 (16) of Title 28 applied to them; we have no doubt that this was right, and the complaint was properly dismissed for lack of jurisdiction.

In view of what we have said it becomes unnecessary to discuss the appeal from the order quashing personal service upon the Clearing House.

Judgment affirmed.