Fred H. HARMSEN et al., Plaintiffs
and Appellees,

v.

C. Arnholt SMITH et al., Defendants
and Appellants.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver of United States
National Bank, Plaintiff in Intervention
and Appellant,

v.

C. Arnholt SMITH et al., Defendants
and Appellees.

Nos. 74-3262, 74-2962.

United States Court of Appeals,
Ninth Circuit.

Aug. 10, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 13, 1976.

Stanley H. Williams (argued), of Agnew, Miller & Carlson, Los Angeles, Cal., for defendants and appellees in No. 74–2962 and for defendants and appellants in No. 74–3262.

Charles A. Legge (argued), of Bronson, Bronson & McKinnon, San Francisco, Cal., for appellant in No. 74–2962.

Joseph W. Cotchett (argued), of Cotchett, Hutchinson & Dyer, San Mateo, Cal., and Roger A. Parkinson (argued), of Long & Levit, Los Angeles, Cal., for defendants and appellants in No. 74–3262.

Before HUFSTEDLER and SNEED, Circuit Judges, and THOMPSON,* District Judge.

SNEED, Circuit Judge:

This case arises out of the insolvency of the United States National Bank of San Diego (USNB), a national banking association. To understand the posture of the case on appeal it is necessary to commence with October 18, 1973, the date the Comptroller of Currency declared the USNB insolvent. On that same day the Comptroller appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Several days thereafter two separate groups of minority shareholders brought class actions against the directors of USNB alleging violations of the federal securities laws and the National Banking Act, as well as pendent state law claims of fraud and breach of fiduciary duty. In due course the two groups filed a second amended and consolidated complaint which is the complaint to which this opinion is directed.

Shortly after the initiation of these proceedings by the minority shareholders, the FDIC moved to intervene therein and to displace the shareholder-plaintiffs. The district court determined that the FDIC was a proper intervening party plaintiff but that the FDIC could not preclude the minority shareholders from proceeding as party plaintiffs in this action. In addition, the district court certified this question:

That the question of the shareholder-plaintiffs' right to maintain an individual and representative action in their own right under Section 93 of the National Banking Act after a bank has failed involves a controlling question of law upon which there is substantial ground for difference of opinion, the decision of which

will materially advance the ultimate termination of this litigation. The claimed right of the FDIC to assert such causes of action to the exclusion of shareholder-plaintiffs therefore involves a question certifiable under 28 U.S.C. § 1292(b).

The FDIC thus appeals from the district court's refusal to displacé the minority shareholders.

Thereafter, the directors of the USNB for their part moved to dismiss the complaint. The district court granted the motion with respect to alleged violations of Section 10(b) of the Securities Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b–5 (17 CFR 240.10b–5) thereunder on the ground that the asserted fraud did not take place in connection with the purchase or sale of any security. No appeal has been taken from this ruling.

The district court, however, denied the motion with respect to allegations of violations of the National Banking Act and the pendent state law claims. It also certified the following question:

The question of the shareholder-plaintiffs' right to maintain an individual and representative action in their own right under § 93 of the National Banking Act and under state law for a breach of fiduciary duty and fraud where the only damages claimed are the diminution of the value of their shares after the bank failed involves a controlling question of law upon which there is a substantial ground for difference of opinion, the decision of which will materially advance the ultimate termination of this litigation. The claimed right of the shareholder-plaintiffs to assert such causes of action therefore involves a question certifiable under 28 U.S.C. § 1292(b).

The defendant directors appeal the district court's denial of their motion to dismiss.

We hold that the district court properly refused to permit the FDIC to displace the minority shareholders as plaintiffs and that Section 93 of the National Banking Act

---

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

enables the minority shareholders as plaintiffs to maintain an individual action in their own right after a bank has failed. We also hold that the district court properly declined to dismiss in its entirety the complaint of minority shareholders with respect to its allegations of violations of the National Banking Act. However, we do hold that certain portions of the complaint, as hereinafter described, alleging violations of the National Banking Act should have been dismissed. Finally, we respond to the second certified question by holding that minority shareholders may, under Section 93 of the National Banking Act, maintain in their own right a cause of action for damages after their bank has failed where the only damages claimed are the diminution of the value of their shares.

Before turning to the exposition of our reasons for these holdings we call attention to the fact that on June 27, 1975, the district court certified this action by the minority shareholders as a class action in which the class consists of "all persons and entities, excluding the defendant-shareholders, who were beneficial owners of United States National Bank common stock on October 18, 1973." The district court reserved the right to limit the class "by excluding any persons whose claims do not qualify for class treatment." There has been no certification under 28 U.S.C. § 1292(b) of a question directed to the propriety of this action by the district court on June 27, 1975, unless the phrase "individual and representative action" in the two certified questions set out above is construed to include such a question. Because the June 27, 1975 class certification followed the formulation of the two certified questions before us, we prefer to assume for the purposes of this appeal that the propriety of class certification is not before us. Hereinafter we shall point out, however, that the district judge may desire to alter in the light of this opinion, his class certification of June 27, 1975.

Our reasons for these holdings may be conveniently divided into two parts, viz. (1) those supporting the conclusion that Section

93 of the National Banking Act permits a shareholder to bring a direct action against the directors of a national bank subject to FDIC receivership, and (2) those that provide the basis for concluding that the complaint, in part, alleges such an action. To these reasons, so divided, we now turn.

I

*Section 93 of the National Banking Act.*

Section 93 of the National Banking Act comes to us from Section 50 of the National Bank Act of 1863 (12 Stat. 679) and Section 53 of the National Bank Act of 1864 (13 Stat. 116). See 12 U.S.C. § 38. Its present form reads as follows:

If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this chapter, all the rights, privileges, and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper district or Territorial court of the United States in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation. R.S. § 5239; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167.

Save in one respect, which, as we shall point out, is significant to this case, this section is essentially unchanged from the date of its enactment.

█ Given the longevity of Section 93 it would be surprising if the issue of whether the section permits a shareholder to bring a direct action against a director violating the designated provisions had not arisen before. As one would expect, the issue has so arisen and the Supreme Court has interpreted the section to permit a direct action. In *Chesbrough v. Woodworth*, 244 U.S. 72, 37 S.Ct.

579, 61 L.Ed. 1000 (1917), the Supreme Court approved the following ruling by the lower court in which the case arose:

> The general demurrer was rightly overruled. The making and publishing of the reports are not merely for the information of the Comptroller, but are to guide the public, and he who buys stock in a bank in reliance upon the reports has a right of action under § 5239, Rev.Stat. (Comp.Stat.1916, § 9831) [section 93], against any officer or director who, knowing its falsity, authorizes such report. *Id.* at 76, 37 S.Ct. at 582.

The general demurrer was to a complaint in which a plaintiff-shareholder had charged the director-defendants with violating the provisions of what is now 12 U.S.C. § 161, which requires that certain reports be made to the Comptroller of Currency. Thus, it is beyond dispute that under proper circumstances Section 93 creates a direct cause of action by the shareholders against the directors of a national bank.[1]

■ This cause of action requires that the plaintiff demonstrate that the damages he seeks are personal to him. Section 93 does not permit him to recover for injuries done to the bank of which the defendant is a director. Again the Court in *Chesbrough* approved the lower court ruling, which put it this way:

> The damages in such a case are personal to the plaintiff. He sues in his own right, not for the association. *Id.* at 77, 37 S.Ct. 579.

Under the circumstances of the case presently before us, *Chesbrough* requires that any recovery by a minority shareholder against the defendant directors pursuant to Section 93 be limited to such sums as will compensate such shareholder for an injury which he, as distinct from the bank, has suffered.

*Chesbrough* also approved this lower court statement that identified the elements of the direct cause of action which Section 93 authorizes when 12 U.S.C. § 161 is violated:

> Such action involves no direct showing of negligence; the sole primary issue is whether defendants caused or permitted to be made a statement of the bank's condition upon which statement plaintiff relied to his injury, and which statement defendants knew was materially false. . . . This scienter is the material condition, and plaintiff can select one of the directors as sole defendant, or join others with him. *Id.* at 77, 37 S.Ct. at 582.

■ Recognition of a direct cause of action pursuant to Section 93 is not precluded by the provisions of the banking law that delineate the rights and duties of the FDIC acting as a receiver upon the insolvency of a national bank. For example, 12 U.S.C. § 192 requires that the receiver "shall take possession of the books, records, and assets of every description of such association." An asset of a shareholder, even when it consists of a cause of action against a director of the insolvent association, is not an asset of the association of which the FDIC must take possession.[2] *See, e. g., Kimmich v. Potter,* 112 F.2d 135, 136 (2d Cir.), *cert.*

---

**1.** The holding in *Chesbrough* that a shareholder may state a direct cause of action against the directors was foreshadowed by two prior Supreme Court cases, *Yates v. Jones National Bank,* 206 U.S. 158, 27 S.Ct. 638, 51 L.Ed. 1002 (1907) and *Yates v. Utica Bank,* 206 U.S. 181, 27 S.Ct. 646, 51 L.Ed. 1015 (1907). *See Chesbrough v. Woodworth,* 244 U.S. 76, 37 S.Ct. 579. We have found no subsequent federal case that has seriously questioned *Chesbrough's* holding of a private cause of action under Section 93. Several federal cases have approved, either explicitly or implicitly, this holding. *See Kimmich v. Potter,* 112 F.2d 135 (2d Cir.), *cert. denied,* 311 U.S. 653, 61 S.Ct. 47,

85 L.Ed. 418 (1940), *reh. denied,* 313 U.S. 597, 61 S.Ct. 832, 85 L.Ed. 1550 (1941); *Davis v. McFarland,* 15 F.2d 612 (5th Cir. 1926), *cert. denied,* 273 U.S. 754, 47 S.Ct. 457, 71 L.Ed. 875 (1927); *Denicke v. Anglo Calif. Nat'l Bank of San Francisco,* 26 F.Supp. 240 (N.D.Cal.1939); *Michelsen v. Penney,* 10 F.Supp. 537 (S.D.N.Y. 1934). *See also, Spalitta v. Nat'l American Bank of New Orleans,* 444 F.2d 291 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 164 (1971) (standing to sue permitted for a stockholder class action).

**2.** Any derivative cause of action that the shareholders may have against the directors is an

*denied,* 311 U.S. 653, 61 S.Ct. 47, 85 L.Ed. 418 (1940), *reh. denied,* 313 U.S. 597, 61 S.Ct. 832, 85 L.Ed. 1550 (1941).

 Nor does 12 U.S.C. § 1821(d), which makes it the duty of the FDIC receiver to enforce "the individual liability of the stockholders and directors" of a national bank, embrace liabilities owed directly by such stockholders and directors to other stockholders. We have been pointed to nothing in the legislative history of this provision which suggests that it was intended to repeal or modify to any extent the authority provided by Section 93, as interpreted in *Chesbrough,* for shareholders to bring direct causes of action against directors of insolvent national banks. The "liability" which the receiver is entitled to enforce is that owing to the insolvent bank by individual stockholders and directors.

We realize this interpretation creates the possibility of two sets of claims against certain directors, both of which have their origin in activities related to affairs of an insolvent bank. Each set, however, is distinct from the other. The recovery with respect to one is not a recovery with respect to the other. While the extinguishment or subordination of claims of the insolvent bank against such directors, might be sound legislative policy, we have discovered nothing that indicates that Congress intended this result. On the basis of present legislation we must hold that the district court did not err in refusing to permit the FDIC to displace the minority shareholder-plaintiffs. Section 93 enables these plaintiffs to maintain an individual action in their own right.

 Section 93, however, does not purport to empower shareholders or other persons to initiate direct causes of action on their own behalf with respect to *any* violation of federal banking law by a director of a national bank. To the contrary, the scope of Section 93 is limited to violations of "any

of the provisions of this chapter", which refers to Chapter 2 of Title 12 of the United States Code. While it is true that the words "this chapter" originally read "this title", it is clear that "this title" referred only to those sections of the present Title 12 which were part of Title LXII of the U. S. Revised Statutes (1878). See 12 U.S.C. § 21, Historical Note. This demonstrates that Section 93 cannot be read to embrace a violation of any section of Title 12. More specifically, we read Section 93 to be limited to violations by "directors of any national banking association" of only those sections which appear within Chapter 2 of Title 12, Banks and Banking, of the United States Code.

To read Section 93 more broadly would result in establishing under the guise of statutory interpretation a private cause of action on behalf of the shareholders of national banks for the violation by a director of any section within Title 12. Whether the violation of any section of Title 12 not within Chapter 2 thereof should enable a shareholder to sue in his own right should be confronted directly. The Supreme Court recently in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) indicated the factors that should be considered in determining whether a private remedy should be implied from a criminal statute. While the sections of Title 12 not within Chapter 2 are not criminal statutes,[3] we believe the criteria enunciated by the Supreme Court are useful in the task of determining whether direct actions by stockholders against directors should be implied from any section of the banking law not appearing in Chapter 2. These factors included; first, is the plaintiff one of the class for whose special benefit the statute was enacted; second, is there any indication of legislative intent to create such a remedy; third, is the implication of such a remedy consistent with the legislative scheme; finally, is

asset of the bank, and may be pursued solely by the FDIC.

**3.** Although the statute involved in *Cort* was a criminal statute, the Court compiled the criteria from several cases, some of which dealt

with non-criminal statutes. *Id.* at 78, 95 S.Ct. 2080. *See e. g., National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974).

the cause of action one traditionally relegated to state law.

■ Before turning to an examination of the complaint of the minority shareholder-plaintiffs, we should point out that *Chesbrough* holds that the cause of action authorized by Section 93 "is exclusive and precludes a common-law liability for fraud and deceit." 244 U.S. at 78, 37 S.Ct. at 582. Thus pendent state law claims asserted by the plaintiffs here must be with respect to causes not authorized by reason of Section 93. Violations of federal law resulting in injuries for which shareholders may bring a personal action under Section 93 must be determined and measured by federal law. The relief afforded for such violations is a federal remedy. State law may not afford a similar remedy.

## II

### *The Complaint.*

■ It hardly needs saying that we approach the analysis of the plaintiffs' complaint mindful of the standard which *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) makes applicable to motions to dismiss under Rule 12(b)(6), Fed.R. Civ.P.:

> . . . [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 44–45, 78 S.Ct. at 102.

■ Applying this standard it is clear that the Second Claim of the Second Amended Consolidated Complaint, captioned: "Violation of National Banking Act", asserts a set of facts which if established by proper proof would entitle plaintiffs to relief. The Second Claim alleges, *inter alia,* that the defendants "engaged in improper activities" leading to the insolvency of the USNB including the making and ratifications of "false and misleading reports to the Comptroller of audits of USNB and its affiliates in violation of Title 12, section 161 of the United States Code." The plaintiffs then allege that they relied on these misleading statements to their direct injury.

We hold this is sufficient to allege a cause of action for which Section 93 permits a shareholder to sue directly. Section 161 of Title 12 is within Chapter 2 of the Title and hence a violation of Section 161 is cognizable under Section 93. The shareholders' failure to allege the facts upon which they intend to base their showing of reliance and the injury resulting therefrom does not entitle the defendants to a dismissal of the complaint. Nor does the fact that, as the second certified question put it, "the only damages claimed are the diminution of the value of their shares after the bank failed," indicate that the complaint should be dismissed. Such damages under *Chesbrough* must be shown to have ·been the consequence of reliance upon statements which the defendants knew were false. This may be difficult to establish, but difficulty of proof provides no reason for dismissing the complaint.

■ Other allegations set forth in the Second Claim present greater difficulties. The allegation of a violation of Section 84 of Title 12 of the United States Code to the effect that certain obligations owed to the USNB by a "person, copartnership, association, or corporation" exceeded ten per centum of its unimpaired surplus fund may embrace a violation of a Chapter 2 section for which Section 93 provides a direct remedy to the shareholder. However, with respect to such violations, the shareholders' proof must demonstrate that the directors knowingly violated Section 84 and that the shareholders relied upon reports of the directors falsely indicating compliance with Section 84 to their injury. In the absence of such proof any injury resulting from the violation of Section 84 is to the bank and not directly to the shareholders. Such proof cannot be supplied by simply demonstrating that the violation of Section 84 contributed to, or was the proximate cause of, the insolvency of the USNB. Any such demonstration indicates an injury to the USNB, but not to the shareholders in their individual and personal capacity. Nor can

the required proof be provided by a showing of a general belief that all was going well, accompanied by inaction, up to the date the USNB was declared insolvent. Nonetheless, we must say that the allegations of the plaintiffs asserting a violation of Section 84 do survive a motion to dismiss.[4]

 However, allegations of violations of 12 U.S.C. § 1817 and § 1818(a) will not survive a motion to dismiss. Neither section constitutes a part of Chapter 2, both being a part of Chapter 16, of Title 12. Therefore, Section 93 does not authorize a direct cause of action on behalf of the shareholders. To hold that either of these sections permits a stockholder to sue in his own right for injuries done to him as a result of its violation would require that we hold that a right to a private action can be inferred from the section. This we are not prepared to do. Both sections are primarily concerned with relationship of insured banks to the FDIC. The reporting requirements set forth in the sections are to enable the FDIC better to conduct its principal business of protecting the depositors of member banks. Applying three of the criteria set forth in *Cort v. Ash, supra,* to which we referred earlier, we conclude that the sections were not intended for the special benefit of the shareholders, that there is no indication that Congress intended to create a remedy for the shareholders, and that a private remedy for the shareholders would be inconsistent with the legislative scheme. This is enough to justify the finding that the two sections do not imply a private cause of action. Moreover, Section 1818(a) does not place any duty upon the board of directors of the bank, hence there is no basis for an implied cause of action for violation of any duty. (Section 1818(a) refers to the "Board of Directors", which is the Board of Directors of the FDIC. See 12 U.S.C. § 1813(k)). Therefore, that portion of the complaint alleging violations of 12

U.S.C. § 1817 and § 1818(a) on remand should be dismissed.

As suggested earlier, our view, made necessary by *Chesbrough,* is that the cause of action authorized by Section 93 requires reliance by the shareholder on specific and apparently proper conduct of the bank's directors which in fact conceals a violation of a Chapter 2 section. This makes it necessary for the district court to review its June 27, 1975 certification of this action as a class action. We do not wish to be understood as expressing an opinion about the propriety of this certification; however, we are confident that this opinion will make a review of the certification necessary. The strictures of Section 93, as interpreted in *Chesbrough,* make inapplicable the approach of dispensing with the necessity of showing reliance that · has been used in recent securities law cases. *See, Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), and *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975). The reach of the law regulating security transactions for the protection of investors particularly that pertaining to Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 CFR 240.10b-5), is far greater than that of Section 93. Not only is this true, but it is also the case that it would be particularly inappropriate to add the reach of these provisions to Section 93 in a case in which a count in the complaint based on these provisions has been dismissed and no appeal taken therefrom.

We close by stating that we do not pass on the sufficiency of those counts of the complaint alleging causes of action under state law. That question was not properly before us on this appeal. We merely call attention once more to the fact that Section 93, to the extent of its scope, provides the exclusive remedy.

Affirmed in part, Reversed in part, and Remanded for further proceedings.

---

**4.** We express no opinion regarding the priority of claims of depositors, other creditors, and the class of shareholders now before us to the

assets, including claims against shareholders, properly belonging to the insolvent USNB. This issue is not before us.

HUFSTEDLER, Circuit Judge (dissenting):

I dissent from the majority opinion's holding that the minority stockholders have stated a claim for relief under Section 93 of the National Banking Act. Leaving aside the impact of the Federal Deposit Insurance Corporation Act, I agree that Section 93 of the National Banking Act ("NBA") gives a stockholder a direct federal claim for relief against the bank's directors for their violation of the NBA to compensate him "for an injury which he, as distinct from the bank, has suffered." The difficulty is that the minority shareholders in this case have not sustained any injury distinct from the bank. Their injury stems solely from the diminution of the value of their stock caused by the directors' misdeeds. Injury of this kind is the classic example of nonpersonal injury for which the corporation alone can recover. The wrong thus suffered by these stockholders is deemed incidental to the wrong suffered by the corporation, and the wrong affects all stockholders. The well-settled rule is succinctly stated in *Vincel v. White Motor Corp.* (2d Cir. 1975) 521 F.2d 1113, 1118: "[W]here an injury is suffered by a corporation and the shareholders suffer solely through depreciation in the value of their stock, only the corporation itself, its receiver, if one has been appointed, or a stockholder suing derivatively in the name of the corporation may maintain an action against the wrongdoer." (Numerous cases are collected in a Note, 167 A.L.R. 279–284. *Accord: Erlich v. Glasner* (9th Cir. 1969) 418 F.2d 226.)

"Notwithstanding the general rule that a stockholder may not maintain a personal action for which an injury to the corporation of which he is a stockholder resulting in destruction or depreciation of the value of his shares, the courts have recognized an exception which permits a stockholder to maintain an action in his own right for an injury directly affecting him, although the corporation also may have a cause of action growing out of the same wrong, where it appears that the injury to the stockholder resulted from the violation of some special duty owed the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a stockholder." (167 A.L.R. at 285, citing many cases.)

In all of the exceptional cases, the special relations giving rise to an independent claim for relief are always those that cause a personal loss to the plaintiff that could not have been recovered by or on behalf of the corporation, and/or a loss that the plaintiff could not have recovered from assets collected by the corporation after it had successfully prosecuted its claim against an erring director. (Examples are given in *Vincel, supra,* 521 F.2d at 1118–1119.) None of those circumstances exist here.

The minority stockholders in our case allege nothing to bring them within any exception. They neither purchased nor sold any stock in reliance on the misdeeds of the directors. They had no contracts or any other special relationships with the directors or the bank that set them apart from their fellow stockholders.

The majority opinion discovers no circumstances that place these stockholders in an exceptional category. Rather, the majority appears to hold that Section 93, itself, as interpreted in *Chesbrough v. Woodworth* (1917) 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000, creates an exception to the general rule. That conclusion rests on a misreading of both Section 93, *Chesbrough,* and its antecedents.

*Yates v. Jones National Bank* (1907) 206 U.S. 158, 27 S.Ct. 638, 51 L.Ed. 1002; *Thomas v. Taylor* (1912) 224 U.S. 73, 32 S.Ct. 403, 56 L.Ed. 673, and *Chesbrough,* all involve special relationships which, entirely apart from Section 93, would have created an independent cause of action in the aggrieved plaintiff. In *Yates,* the plaintiff was the creditor of an insolvent bank who was injured by his reliance on a false report in making a loan to the bank. In *Thomas,* the plaintiff had purchased shares in reliance upon a false report to the Comptroller of the Currency; he brought a common law deceit action in state court to recover his

loss suffered when his shares proved worthless. *Chesbrough* was a factual replay of *Thomas*, except that in *Chesbrough*, the plaintiff sued in federal court relying on Section 93, rather than in state court on deceit.

None of these cases imply that Section 93 creates an exception to the general rule that an action for damages resulting from directors' misconduct causing the value of shareholders' stock to be diminished or destroyed belongs to the corporation alone. The purport of these cases is that Section 93 created a uniform federal standard of liability and that standard is narrower than that at common law. In *Chesbrough*, like *Kimmich v. Potter* (2d Cir. 1940) 112 F.2d 135, the corporation suffered "no such damage as plaintiff does by the report, and hence it or its receiver has no concern with this kind of action." (*Chesbrough v. Woodworth* (6th Cir. 1912) 195 Fed. 875, 880.) The damages in *Chesbrough* were limited to the difference between the purchase price of plaintiff's stock and its fair market value at the time of the purchase; no damages for diminution in the value of the stock after purchase was recoverable.

The claim for relief that these shareholders assert belongs to the corporation, and hence to the receiver. This defect cannot be cured by amended pleadings or by proof.

I have grave doubt that any individual actions against directors by stockholders can be pursued during the pendency of the FDIC receivership. Because I find no claim for relief stated on behalf of any of these stockholders, I have no occasion to detail those doubts or the reasons for them.

I would respond to both of the certified questions: The shareholder plaintiffs have no right to maintain either an individual or representative action under Section 93 of the NBA or under state law where the only damages claimed are the diminution of the value of their shares in the failed bank.