837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis M. SAKER, on behalf of himself and other
shareholders, Plaintiff-Appellant,
v.
COMMUNITY FIRST BANK, N.A.; David Faulkner; Beth Bunnell;
Dale Lotz; Joseph W. Shields; Paul L. Jolliff; Nancy
Phillips; Stuart Rogers; Paul N. Staley; Samuel Bell; H.
Grant Stephenson; John Doe; and all other directors and
executive officers; Billy Hensel; Bill Kingman; Martha
Sheldon; John H. Knedley; Mary Fox; Harold W. Strang;
Max Heilman; Norma McCune; Alan Kin; and James McVitty,
Defendants-Appellees.
 No. 87-3133.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Jr., Circuit Judges, and JOHNSTONE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Dennis M. Saker, appeals from the district court's dismissal of his suit against defendants, Community First Bank, N.A. (the Bank); individual bank directors (Directors); and an attorney who was hired by the Bank, H. Grant Stephenson. In his complaint, plaintiff accused the Directors of incompetence and mismanagement resulting in a loss to plaintiff and other shareholders of the Bank. Plaintiff also alleged that the directors wrongfully paid attorney fees out of Bank funds in connection with administrative proceedings brought by the Comptroller of the Currency. Plaintiff based his claims on various federal banking laws and common law fiduciary duties to the shareholders. The district court found that most of the statutes cited by plaintiff in his complaint did not create a private cause of action and that plaintiff had failed to state a claim under those that did imply the existence of a cause of action. We agree with the reasoning of the district court, and accordingly, we affirm.
 
 I.
 
 2
 Plaintiff's amended complaint invokes jurisdiction under 28 U.S.C. Secs. 1331 and 1337 (federal question jurisdiction and jurisdiction of commerce and anti-trust regulations); 12 U.S.C. Sec. 1841 (Section 1841 of the Bank Holding Companies Act of 1956); 15 U.S.C. Sec. 78aa (Section 78aa of the Securities Exchange Act of 1934); 12 U.S.C. Secs. 93 and 94 (Sections 93 and 94 of the National Bank Act); and "the doctrine of pendant [sic] jurisdiction." Count I of the complaint cites a litany of alleged misconduct on the part of the Directors. Essentially, the allegations can be summarized into six substantive categories: (1) permitted loan losses to exceed $1,300,000; (2) mismanagement of bond portfolio; (3) poor judgment in hiring decisions; (4) establishment of an unprofitable branch office; (5) retention of counsel in their own behalf at the Bank's expense; and (6) issuance of "false, deceptive and misleading report to the shareholders." In Count II, plaintiff alleges a conspiracy among the Directors. In Count III, the allegation of improper payment of legal fees is repeated. Count IV is omitted. In Count V, plaintiff claims that the foregoing allegations constitute violations of 12 U.S.C. Secs. 34, 73, 161, and 1817. Plaintiff further alleged he had an implicit cause of action under 12 U.S.C. Sec. 93.
 
 II.
 A. Bank Holding Companies Act of 1956
 
 3
 In its well reasoned opinion, the district court considered each of the statutory provisions cited by the plaintiff in his complaint. The court first addressed plaintiff's claim of jurisdiction under 12 U.S.C. Sec. 1841. The district court noted that section 1841 is merely the definitional section of the Bank Holding Companies Act of 1956. Therefore, the court concluded that this section did not create a separate private right of action and that it did not provide a basis for jurisdiction, nor did plaintiff cite any other specific sections of the Bank Holding Companies Act is not applicable in this case since defendant Bank is not a holding company. Therefore, we need not discuss this issue further.
 
 B. Securities Exchange Act of 1934
 
 4
 Title 15 U.S.C. Sec. 78aa confers exclusive jurisdiction on federal courts for claims arising under the 1934 Act.[1] Plaintiff's amended complaint, however, is totally devoid of any allegation of a violation of any of the specific substantive provisions of the 1934 Act. The district court also correctly noted that section 78aa does not in itself create a private cause of action. See Touche Ross & Co. v. Redington, 442 U.S. 560, 577 (1979) ("Section 27 [15 U.S.C. Sec. 78aa] grants jurisdiction to the federal courts and provides for venue and service of process. It creates no cause of action of its own force and effect; it imposes no liabilities"). Accordingly, we agree with the district court's conclusion that plaintiff failed to state a claim under the 1934 Act.
 
 C. National Bank Act
 
 5
 Having found that plaintiff had failed to state any claims under the Securities Exchange Act of 1934, the district court turned to plaintiff's remaining allegations under the National Bank Act. The court correctly noted that "private plaintiffs have standing to sue under 12 U.S.C. Sec. 93 for alleged violations of express and specific duties imposed under the Act." See Thompson v. Kerr, 555 F.Supp. 1090, 1097 (S.D.Ohio 1982); see also Marx v. Centran Corp., 747 F.2d 1536, 1540 (6th Cir.1984) ("Thus, it is 'beyond dispute that under proper circumstances Section 93 creates a direct cause of action by the shareholders against the directors of a national bank.' ") (quoting Harmsen v. Smith, 542 F.2d 496, 500 (9th Cir.1976)).[2] Although courts have implied a private cause of action arising under section 93(a), the section does not create an independent cause of action in itself; rather, a plaintiff must also allege the violation of a specific substantive provision of the Act. In the instant case, plaintiff alleged that the Directors' conduct violated 12 U.S.C. Secs. 34, 73, 161 and 1817. The district court addressed each of these contentions separately and found them all lacking. We agree.
 
 
 6
 In drafting his amended complaint, plaintiff was apparently unaware of the fact that section 34 of the National Bank Act was completely amended over twenty-eight years ago by Pub.L. 86-230, Sec. 20, 73 Stat. 460 (1959). The general provisions of the former section 34 which govern the consolidation and merger of banks, is now codified at 12 U.S.C. Sec. 215 (West Supp.1987). The factual allegations in plaintiff's complaint are totally unrelated to this section and plaintiff has failed to cite any authority which suggests that a private right of action can arise under this specific section of the Act.
 
 
 7
 The district court also rejected plaintiff's claim under section 73 of the Act. Section 73 requires bank directors to take an oath swearing to "diligently and honestly administer the affairs of [the] association, and will not knowingly violate or willingly permit to be violated any of the provisions of this title."[3] The district court refused to impose liability for an alleged violation of the "oath" provisions of section 73. The court reasoned that the provisions of section 73 were too vague and did not provide any guidance in terms of limiting the scope of a director's potential liability. This line of reasoning echoes the opinion of the district court in Kerr, wherein the court stated, "[I]mplying actions under the Act, particularly the oath provision, Sec. 73, would have the potential of federalizing 'the entire corpus of tort law with respect to the bank officers and directors.' " 555 F.Supp. at 1098 (quoting Stein v. Galitz, 478 F.Supp. 517, 522 (N.D.Ill.1978)). We agree with this analysis and find that section 73 of the National Bank Act cannot serve as the basis for a private right of action.
 
 
 8
 The district court found that section 161 of the National Bank Act was sufficiently specific that it could give rise to a suit against bank directors who violate its provisions. Section 161 of the National Bank Act mandates the filing of acknowledged and attested reports of the bank's resources and liabilities with the Comptroller of the Currency. 12 U.S.C. Sec. 161. We need not decide whether a violation of this may give rise to a private cause of action pursuant to section 93(a) because, even assuming the existence of such an action, plaintiff's complaint does not contain the factual allegations necessary to withstand the defendants' motion to dismiss. The only reference to reports in the amended complaint in p 16(O) which states:
 
 
 9
 Defendants issued false, deceptive and misleading reports to the shareholders of the bank.
 
 
 10
 As noted by the district court, this vague allegation does not link the report issued to the stockholders to any report mandated by 12 U.S.C. Sec. 161(a). Moreover, plaintiff has failed to allege the necessary elements of reliance and scienter. Cf. Chesbrough v. Woodworth, 244 U.S. 72, 77 (1917). Accordingly, we agree with the district court's finding that plaintiff failed to alleged the facts necessary to state a claim for an implied cause of action arising under section 93 of the Act based on an alleged violation of section 161 of the Act.
 
 
 11
 Finally, with respect to the plaintiff's claim under 12 U.S.C. Sec. 1817, we note that section 1817 is not within the National Bank Act; thus, no right of action may be implied through 12 U.S.C. Sec. 93(a). Section 1817 relates to the reporting requirements of banks to the FDIC. Once again, the plaintiff's amended complaint does not refer to any of the reports which are mandated under this section. Moreover, we note that the Ninth Circuit has held that alleged violations of section 1817 do not give rise to a private suit by a bank shareholder. See Harmsen v. Smith, 542 F.2d 496, 503 (9th Cir.1976).
 
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Edward H. Johnstone, United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 Title 15 U.S.C. Sec. 78aa provides:
 Jurisdiction of offenses and suits
 The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 1254, 1291, and 1292 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.
 
 
 [2]
 Title 12 U.S.C. Sec. 93(a) provides in full:
 Violations of provisions of chapter; forfeiture of franchise; personal liability of directors; civil money penalty
 (a) If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this chapter, all the rights, privileges, and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper district or Territorial court of the United States in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation.
 
 
 [3]
 Title 12 U.S.C. Sec. 73 provides in full:
 Oath
 Each director, when appointed or elected, shall take an oath that he will, so far as the djty devolves on him, diligently and honestly administer the affairs of such association, and will not knowingly violate or willingly permit to be violated any of the provisions of this chapter, and that he is the owner in good faith, and in his own right, of the number of shares of stock required by this chapter, subscribed by him, or standing in his name on the books of the association, and that the same is not hypothecated, or in any way pledged, as security for any loan or debt. The oath shall be taken before a notary public, properly authorized and commissioned by the State in which he resides, or before any other officer having an official seal and authorized by the State to administer oaths, except that the oath shall not be taken before any such notary public or other officer who is an officer of the director's bank. The oath, subscribed by the director making it, and certified by the notary public or other officer before whom it is taken, shall be immediately transmitted to the Comptroller of the Currency and shall be filed and preserved in his office for a period of ten years.