In re CORESTATES TRUST
FEE LITIGATION.

Civ. A. No. 92–5526.

United States District Court,
E.D. Pennsylvania.

Oct. 22, 1993.

Marguerite R. Goodman, Law Offices of Marguerite R. Goodman, Wynnewood, PA, Howard W. Harrison, Jr., Villanova, PA, for plaintiffs.

Joseph B.G. Fay, Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant.

### MEMORANDUM

BUCKWALTER, District Judge.

### I. INTRODUCTION

Before the Court is defendants' Motion to Dismiss plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the following reasons, defendants' Motion to Dismiss is granted.

### II. BACKGROUND

Plaintiffs Howard W. Harrison ("Harrison"), a citizen of New York, and James D. Robbins ("Robbins"), a citizen of Connecticut, bring this suit against CoreStates Bank, N.A. ("CoreStates") in a consolidated complaint on their own behalf and on behalf of a class. Harrison and Robbins are beneficiaries of irrevocable trusts administered by CoreStates. CoreStates is a national bank with offices in Philadelphia, Pennsylvania. The class has not been certified and this motion will be decided on the two plaintiffs' consolidated complaint.

The complaint arises from CoreStates' actions as trustee of the two plaintiffs' irrevocable trust accounts. Through a computer program, CoreStates regularly sweeps fiduciary accounts to temporarily invest principal and income cash in collective investment funds. The plaintiffs allege that CoreStates charges the irrevocable trusts a fee for this service that is not charged to similarly situated commercial accounts. Plaintiffs also complain of an additional fee charged irrevocable trusts, "Regulatory Compliance Compensation", ranging from $300–$600. The plaintiffs charge that CoreStates imposed the fee without notice and that the fee amounts to double dipping because the cost of complying with recent regulations should come out of CoreStates' general overhead and not be charged to individual trust accounts.

Plaintiffs state that CoreStates' breach of fiduciary duty violates 12 U.S.C. § 92a, that the sweep fees violate 12 C.F.R. § 9.18(b)(12), and that the "Regulatory Compliance Compensation" violates 12 C.F.R. § 9.15. Plaintiffs seek a refund of the $300–$600 "Regulatory Compliance Compensation" and a refund of all sweep fees assessed against their trust accounts. Plaintiffs ask this Court to remove CoreStates from the position of corporate fiduciary of their trusts accounts and to enjoin CoreStates' practice of assessing "Regulatory Compliance Compensation" and "sweep fees". Finally, plaintiffs want a refund of all the sweep fees and "Regulatory Compliance Compensation" paid from their trust accounts to date.

### III. DISCUSSION

CoreStates moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6): lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.

#### A. 12(b)(1)

Plaintiffs claim federal jurisdiction over their complaint under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). Because § 1331 provides "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States", the plaintiff seeking jurisdiction under § 1331 should allege, as part of his well-pleaded complaint, that a federal right or immunity is an essential element of his cause of action. *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir.1986) (citations omitted), *cert. denied First Fidelity Bancorporation v. Parell*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Further, the plaintiff bears the burden of persuasion to show that his claim is not wholly insubstantial when subject matter is challenged. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991), *cert. denied,* ——U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991).

In the present case, the plaintiffs have alleged violations of 12 U.S.C. § 92a and two regulations interpreting it, 12 C.F.R. §§ 9.15 and 9.18(b)(12). The history of litigation in this matter involving sweep fees, defendant argues, supports a conclusion that the claim in this case is immaterial and made solely for the purpose of obtaining jurisdiction. I find, however, that the alleged violations of 12 U.S.C. § 92a and two regulations interpreting it are essential elements of plaintiff's cause of action and not wholly insubstantial.

### B. 12(b)(6)

■■■ Under a motion to dismiss pursuant to 12(b)(6), the defendant carries the burden of establishing that no claim has been presented. *Id.* The standard of review under 12(b)(6) "requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989). Under a 12(b)(6) motion, the court need not determine whether the plaintiff will ultimately prevail, rather, whether the plaintiff can prove any sets of facts to support his claim that would entitle him to prevail. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The plaintiff brings his claim under 12 U.S.C. § 92a, entitled "Trust Powers", and 12 C.F.R. §§ 9.15, 9.18(b)(12). Upon examination of the language § 92a and the regulations, no explicit private right of action exists. The Third Circuit has not addressed the issue of whether a implied private right of action exists for a violation of § 92a. However, the only court to expressly address

whether a private right of action exists under § 92a did not find one. *Blaney v. Florida Nat. Bank,* 357 F.2d 27 (5th Cir.1966). The Fifth Circuit reasoned that Congress enacted § 92a to place national banks on a competitive basis with state banks and it was not meant to be "broad, remedial, social legislation." *Id.* at 30. The court concluded Congress intended the Comptroller to exclusively enforce § 92a "without room or need for supplemental enforcement." *Id.*

Other courts have addressed the issue of whether private rights of action exist for chapter 2, of Title 12 (which contains § 92a) through § 93.[1] One of the first cases to recognize a private cause of action under this section was *Chesbrough v. Woodworth,* 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000 (1917). In *Chesbrough,* the Supreme Court recognized a private cause of action for shareholders against a bank's directors under what is now 12 U.S.C. § 161.[2]

The scope of these private causes of action through § 93 under chapter 2 of title 12 has been narrowly construed. The Fifth Circuit "read Section 93 to be limited to violations by 'directors of any national banking association' of only those sections which appear within Chapter 2 of Title 12, Banks and Banking, of the United States Code." *Harmsen v. Smith,* 542 F.2d 496, 501 (9th Cir.1976). Other courts have limited private causes of action under § 93 to breaches of specific duties enumerated in the National Bank Act, chapter 2 of Title 12. *Golar v. Daniels & Bell, Inc.,* 533 F.Supp. 1021, 1027 (S.D.N.Y. 1982); *Thompson v. Kerr,* 555 F.Supp. 1090, 1097 (S.D.Ohio 1982).

---

1. Section 93's predecessors are Section 50 of the National Bank Act of 1863 (12 Stat. 679) and Section 53 of the National Bank Act of 1864 (13 Stat. 116). Section 93 provides in part:

 **Violations of provisions of chapter**
 **(a) forfeiture of franchise; personal liability of directors**

 If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this chapter, all the rights, privileges, and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper district or Territorial court

of the United States in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation.
 . . . .

2. For a further discussion of the history and subsequent approval of *Chesbrough, see Harmsen v. Smith,* 542 F.2d 496 (9th Cir.1976).

Courts have recognized private causes of action for violations of § 161(a) (requiring banks to file truthful report with the Comptroller) and § 92a(a) (imposing permit requirement).... no private cause of action lies for violations of § 84 (prohibiting loans to a single customer in excess of bank's total assets), § 73 (requiring directors to take oaths), § 71a (limiting the numbers serving on the bank's board of directors)' and § 92 (permitting banks in small cities to act as insurance agents or real estate brokers).

*Brown Leasing, Inc. v. FDIC,* No. 91 C 3729, 1993 WL 115552, *2, 1993 U.S. Dist. LEXIS 3962, at *6 (N.D.Ill. March 24, 1993).

Only one case discussed whether 12 U.S.C. § 92a, in particular, gave rise to a private cause of action under § 93. *B.C. Recreational Industries v. First Nat. Bank,* 639 F.2d 828 (1st Cir.1981). The court discussed in a footnote that *Chesbrough* and *Harmsen* could be a basis for a private right of action under § 92a. However, in *B.C.,* the plaintiff alleged the bank violated § 92a(a) by acting in fiduciary capacity without a permit, not a breach of fiduciary duty. *Id.* at 833. More on point, one court declined to find a private cause of action under the National Bank Act for a breach of fiduciary duty. *Golar,* 533 F.Supp. at 1027 (S.D.N.Y.1982).

 Applying what can be gleaned from the foregoing review of cases, I note, first of all, that plaintiffs have not pled that CoreStates violated any specific duty enumerated in § 92a. The plaintiffs allege that CoreStates violated the regulations promulgated by the Comptroller to enforce § 92a, 12 C.F.R. §§ 9.15, 9.18(b)(12). Implied private causes of action have arisen only for specific violations of the National Bank Act, not regulations interpreting it. Secondly, while the plaintiffs do allege that CoreStates violated § 92a, they have only offered a breach of fiduciary duty as the violation of § 92a. While banks receive their authority to act as a fiduciary under § 92a, a breach of fiduciary duty does not violate any of the express powers conferred by this section. Finally, § 92a(k) provides:

(1) In the addition to the authority conferred by other law, if, *in the opinion of the Comptroller of the Currency,* a national banking association is unlawfully or unsoundly exercising, or has unlawfully or unsoundly exercised, or has failed for a period of five consecutive years to exercise, the powers granted by this section or otherwise fails or has failed to comply with the requirements of this section, *the Comptroller* may issue and serve upon the association a notice of intent to revoke the authority of the association to exercise the powers granted by this section.... (emphasis added).

Because the plaintiffs have not alleged that CoreStates violated any specific duty imposed by § 92a, and the section itself provides a remedy for a failure to comply with its provisions, plaintiffs have failed to state a claim upon which relief can be granted since no private right of action exists under the above circumstances.

This result is further supported by an analysis under *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The Supreme Court suggested four factors to aid a court in determining whether it should imply a private right of action under a federal statutory scheme: (1) whether plaintiffs are part of "the class for whose especial benefit the statute was enacted"; (2) whether there was any indication of legislative intent to deny or create a private remedy; (3) whether implication of a private remedy is consistent with the underlying purpose of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to the States. *Id.* at 78, 95 S.Ct. at 2088 (citations omitted).

 Legislative intent is the most important of the four factors and can by itself provide an answer as to whether a private right of action should be implied. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). Nowhere in the legislative history is there any indication that Congress intended to create or deny a private remedy. In fact, no court ever recognized a private right of action under the predecessor statutes to

§ 92a[3]. *Blaney v. Florida Nat. Bank,* 357 F.2d 27 (5th Cir.1966). To imply "a private right of action on the basis of congressional silence is a hazardous enterprise, at best." *Touche,* 442 U.S. at 571, 99 S.Ct. at 2486.

An evaluation of the other three factors also leads the court to decline to recognize a private right of action. The first *Cort* factor asks whether plaintiffs are part of the class for whose especial benefit the statute was enacted. The express language and legislative history of § 92a do not indicate that the statute was enacted for any class in particular.

The third *Cort* factor asks whether implication of a private remedy is consistent with the underlying purpose of the statute. One of the underlying purposes of § 92a was to place national banks on equal footing with state banks. *Blaney,* 357 F.2d at 30. Further, § 92a(k) details remedial actions the *Comptroller* should take if a national bank unlawfully exercises the fiduciary powers the Comptroller granted it.

The fourth and final *Cort* factor asks whether the matter is one traditionally relegated to the States. Certainly the law of trusts and estates has traditionally been primarily a matter of state concern. Indeed the provisions of § 92a reflect a deference to laws of the state in which a national bank is located.

For the reasons discussed above, plaintiffs fail to state a cause upon which relief can be granted. Therefore, defendants motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be granted.

### C. *Diversity Jurisdiction.*

I believe that *Packard v. Provident National Bank,* 994 F.2d 1039 (3d Cir.1993) is dispositive of the issues involving diversity jurisdiction and that no diversity jurisdiction exists in this case because the matter in controversy does not exceed $50,000.

### D. *Supplemental Jurisdiction.*

Since plaintiff has produced no claim based upon 28 U.S.C. § 1331, 1332, I decline to accept supplemental jurisdiction as requested in plaintiff's complaint, pursuant to 28 U.S.C. § 1367(c)(3).

An order follows.

### ORDER

AND NOW, this 22nd day of October, 1993, upon consideration of defendant CoreStates Bank, N.A.'s motion to dismiss the complaint for failure to state a claim as to purported federal claims and for lack of subject matter jurisdiction as to all remaining claims, it is hereby ORDERED that the motion is GRANTED, and the plaintiffs' complaint is DISMISSED with prejudice.

Plaintiffs' claims under state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367.

---

**3.** 12 U.S.C. § 248 (formerly § 11(K)) under which authority to govern fiduciary operations of national banks was vested in the Board of Governors of the Federal Reserve System.